GERRIT VANDERPOL AND HENRIETTA VANDERPOL AND VAN'S TRACTOR, INC., PETITIONERS v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 18729-84.        Filed August 29, 1988.

*John L. Burghardt,* for the petitioners.
*Margaret S. Rigg,* for the respondent.

WRIGHT, *Judge:* This matter is before the Court on petitioners' motion for litigation costs pursuant to section 7430[1] and Rule 231. On November 4, 1987, we filed an opinion in this case with respect to the substantive issues, wherein we held for petitioners, although a computation under Rule 155 was necessary for certain nongermaine procedural reasons.[2] Petitioners subsequently filed a motion for litigation costs with this Court on December 7, 1987. After receiving an extension of time, respondent filed a response in opposition to petitioners' motion for litigation costs on June 9, 1988. Both parties filed affidavits and exhibits in support of their respective positions.

In their petition filed June 14, 1984, petitioners challenged respondent's determination of deficiencies in their Federal income tax for the taxable years 1977, 1978, and

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] T.C. Memo. 1987-555.

1979. The sole issue in the resulting litigation was whether petitioner corporation, Van's Tractor, Inc. (the corporation), paid an unreasonably large salary to the individual petitioner Gerrit VanderPol (VanderPol), who, with his wife, Henrietta VanderPol, controlled the corporation. At trial, several witnesses were called and all, with a single exception, testified that VanderPol worked very hard and that his salary was reasonable in view of the unusual success enjoyed by the corporation. The lone witness who believed that VanderPol's salary was unreasonable was the auditing agent who had conducted the initial examination. Based largely on the consistency of the testimonial evidence, we held that Vanderpol's salary was not unreasonable in light of his efforts and achievements.

In their motion, petitioners take the position that respondent's failure at trial to produce evidence supporting "the reasonableness of (his) position other than an unsubstantiated opinion of an auditing agent" entitles them to litigation costs. Petitioners submitted an outline of the evidence offered at trial which tended to show that the salary VanderPol received was reasonable in amount and argued that the evidence offered by respondent was scanty and unpersuasive. Petitioners contend that because respondent's evidence could not support a holding in his favor, his position had no reasonable basis and an award of litigation costs is appropriate.

Petitioners submitted an affidavit from John L. Burghardt (Burghardt), in support of their motion for litigation costs. Burghardt stated that petitioners had incurred attorney's fees in the amount of $19,322.30 in connection with their litigation before this Court and that petitioners had sustained additional costs for accounting fees and for personal expenses in the amounts of $6,620 and $900, respectively, in litigating their claim.

Respondent counters that petitioner has failed to demonstrate that respondent's position was unreasonable, and has failed to comply with Rule 232, which requires a detailed accounting of the requested litigation costs. We agree with respondent.

Section 7430(a) provides, generally, that a taxpayer who has substantially prevailed in a civil tax proceeding may be

awarded reasonable litigation costs incurred in such proceeding. In order to be entitled to an award of litigation costs, the taxpayer must show that he was the "prevailing party" which includes establishing that the position of the United States was unreasonable,[3] and that the taxpayer substantially prevailed in the litigation. Sec. 7430(c)(2). Litigation costs will not be awarded unless the taxpayer can demonstrate that he exhausted the administrative remedies available to him within the Internal Revenue Service. Sec. 7430(b)(2). All of these conjunctive requirements must be met for an award to be made. *Sher v. Commissioner*, 89 T.C. 79 (1987); *Minahan v. Commissioner*, 88 T.C. 492, 497 (1987). Furthermore, any award of litigation costs in this case is limited to the amount of $25,000. Sec. 7430(b)(1).[4]

The legislative history of section 7430 provides guidelines for determining whether respondent's conduct was reasonable:

The committee intends that the determination by the court on this issue is to be made on the basis of the facts and legal precedents relating to the case as revealed in the record. Other factors the committee believes might be taken into account in making this determination include, (1) whether the government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the government pursued the litigation against the taxpayer for purposes of harrassment or embarrassment, or out of political motivation, and (3) such other factors as the court finds relevant.* * * [H. Rept. 97-404, at 12 (1981).]

Thus, in order to determine whether respondent acted reasonably, we must consider the facts and circumstances known to him which formed the legal basis for the position he took during the litigation.[5] *DeVenney v. Commissioner*, 85 T.C. 927, 931 (1985).

---

[3]Sec. 7430(c)(2)(A)(i) was amended by sec. 1551(d)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752. For proceedings commenced after Dec. 31, 1985, the law requires the taxpayer to prove that the position of the United States was "not substantially justified" rather than "unreasonable." We subsequently determined that the substantially justified standard is essentially a continuation of the reasonableness standard from prior law. *Rutana v. Commissioner*, 88 T.C. 1329 (1987).

[4]Former sec. 7430(b)(1) was added by sec. 292(a) of Pub. L. 97-248, Sept. 3, 1982, 96 Stat. 572, effective for civil actions or proceedings commenced after Feb. 23, 1983. This section which set a maximum dollar amount for reasonable litigation costs has been repealed by sec. 1551(a) of Pub. L. 99-514, 100 Stat. 2752, effective generally for amounts paid after Sept. 30, 1986, in civil actions or proceedings commenced after Dec. 31, 1985.

[5]Under *Golsen v. Commissioner*, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971), we are required to follow the law of the Ninth Circuit to which an appeal lies herein. In considering the reasonableness of respondent's position, the Ninth

The determination of the existence of reasonable compensation is one which can only be resolved through an examination of facts and circumstances. In support of his position, respondent offered testimony of five witnesses, and introduced almost 30 exhibits jointly with petitioners. After hearing the testimony presented by both parties, and considering all the evidence, we concluded that petitioner's position was correct. Nonetheless, there was no indication at trial that respondent's evidence was unusually scanty or unworthy of belief. There was no reason to suspect that respondent had taken his position for any purpose other than to prevail in the litigation. Petitioners point only to the ultimate failure of respondent's evidence to support his position to show that his position was unreasonable. The logical extension of petitioners' argument is that the party whose evidence fails to persuade the trier of fact has taken an unreasonable position. If a party can be chastised for such a failure, then every losing party must be so chastised. Such an interpretation does not manifest Congress' intention in enacting this statute and we will not endorse it. *DeVenney v. Commissioner, supra.* See *Wasie v. Commissioner,* 86 T.C. 962, 968-969 (1986).

Thus, after considering the arguments presented by the parties and the record as a whole, we conclude that respondent's position was not unreasonable. Petitioners, therefore, are not entitled to litigation costs pursuant to section 7430. Because we reach our decision on this ground, we do not need to address respondent's other contentions.

In light of the foregoing,

*An appropriate order and decision will be entered.*

Circuit examines respondent's pre-petition position as well as his post-petition position. *Sliwa v. Commissioner,* 839 F.2d 602 (9th Cir. 1987). However, petitioners did not raise the issue of respondent's pre-petition position in the instant case.