ESTATE OF MILTON FELDMAR, DECEASED, GARY FELDMAR AND DOROTHY FELDMAR, CO-EXECUTORS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Feldmar v. Commissioner
Docket No. 7694-86.
United States Tax Court
T.C. Memo 1989-96; 1989 Tax Ct. Memo LEXIS 96; 56 T.C.M. (CCH) 1414; T.C.M. (RIA) 89096; March 13, 1989. Francis Grossi, for the petitioner. James S. Stanis, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $ 9,649,113.69 in the estate tax due from the Estate of Milton Feldmar. This case is now before us on petitioner's Motion for an Award of Litigation Costs. The issue for decision is whether petitioner is entitled to a recovery of litigation costs pursuant to section 7430. [1]
*97 FINDINGS OF FACT Petitioner is the Estate of Milton Feldmar. The co-executors of petitioner are Gary Feldmar and Dorothy Feldmar, both of whom resided in the State of Illinois at the time the petition in this case was filed. At the time of his death, Milton Feldmar (decedent) owned 767,800 shares of common stock in the United Equitable Corporation (UEC). Petitioner's estate tax return listed such stock as having a date of death fair market value of $ 10 per share. After an examination of such estate tax return, however, respondent determined that such stock had a value of $ 46.60 per share and issued a notice of deficiency to petitioner based upon such value. Respondent also determined a deficiency in estate taxes based upon the questioned value of certain other stocks and debt instruments held by petitioner, and upon the disallowance of certain estate administration expenses deducted by petitioner. The issue of the value of petitioner's UEC stock was tried by this Court on October 20 and 21, 1987, the other issues having been resolved by the parties by agreement. At the conclusion of such trial, because each party was then better able to completely evaluate their respective *98 positions in light of the evidence produced, the Court encouraged the parties to again attempt to settle the UEC stock valuation issue. On October 29, 1987, after the parties were again unsuccessful in reaching an agreement as to the value of the UEC stock, this Court issued its bench opinion holding that the fair market value of the UEC stock was $ 12.59 per share at the date of decedent's death. Such value was determined through the application of a multifaceted formula devised by the Court, and was not rounded off because, by virtue of the large number of shares involved, such rounding would have yielded a materially different result. Dissatisfied with the Court's determination, on November 27, 1987, respondent moved the Court to reconsider its bench opinion with respect to the value for the UEC stock includable in petitioner's gross estate. As support for its Motion for Reconsideration, respondent alleged that the Court erred substantively by basing its opinion, in part, upon certain factors which respondent asserted should not have been influential on the stock's value. Generally, respondent asserted that this Court erred by (1) reducing UEC's annual income by an amount *99 not otherwise shown to have been previously included in such figure; (2) considering certain information which was not available to a willing buyer or seller prior to the valuation date; (3) considering the death of decedent as the loss of a key man to UEC; and (4) limiting its examination of UEC's earnings history to only a two year period. As further support for its Motion for Reconsideration, respondent also alleged that this Court erred by failing to give proper consideration to all evidence in the record, as such consideration, respondent argued, could only be made with the aid of the parties' written briefs. On January 26, 1988, after having considered respondent's Motion for Reconsideration and petitioner's objection thereto, we granted respondent's motion. Thereafter, the parties extensively briefed the issue concerning the value of the UEC stock held by petitioner. For purposes of valuing petitioner's UEC stock, respondent engaged the services of two appraisers. First, respondent engaged the services of Robert V. McMahon (McMahon), who evaluated the UEC stock and espoused a date of death fair market value of $ 46.60 per share. Respondent based his determination of deficiency *100 using this value. Second, in further preparation for trial of this case, respondent engaged the services of Steven R. LaMantia (LaMantia), who evaluated the UEC stock and opined that the UEC stock had a date of death fair market value of $ 24.75 per share. Upon reconsideration of our bench opinion, we rendered a written opinion in which we determined a value for the UEC stock in the amount of $ 12.45 per share as of the date of decedent's death. Estate of Feldmar v. Commissioner,T.C. Memo. 1988-429. The value determined by the Court was not arrived at by the adoption of any one expert's opinion in toto, nor was it arrived at by weighing the various reports against one another. Such value for the stock was arrived at by the Court's utilizing the information provided in all of the witness reports submitted, and in the testimony provided by such experts. OPINION The issue for decision is whether petitioner is entitled to recover its litigation costs pursuant to section 7430. Under that section, in order for petitioner to be entitled to recover its litigation costs against the United States, petitioner must establish: (1) that the position of the United *101 States was not substantially justified, sec. 7430(c)(2)(A)(i); (2) that petitioner substantially prevailed with respect to the amount in controversy, or with respect to the most significant issue or set of issues presented, sec. 7430(c)(2)(A)(ii); (3) that petitioner's net worth satisfies the requirements of section 504(b)(1)(B) of title 5, United States Code (1982) sec. 7430(c)(2)(A)(iii); (4) that petitioner exhausted the administrative remedies available to it within the Internal Revenue Service, sec. 7430(b)(1); and (5) that the litigation costs sought to be recovered are reasonable and are allocable only to the United States, sec. 7430(b)(2). All of these conjunctive requirements must be established by petitioner for its litigation costs to be awarded. Sher v. Commissioner,89 T.C. 79 (1987), affd. 861 F.2d 131 (5th Cir. 1988); Minahan v. Commissioner,88 T.C. 492 (1987). Petitioner asserts that it has established all of the above requirements. Respondent concedes that petitioner has established requirements numbered 2 and 4, above, and we accept such concession. Respondent does contend, however, that *102 petitioner has not established requirements numbered 1, 3 and 5, above. Because we find that petitioner has not established requirement number 1, above, i.e., that the position of the United States was not substantially justified, however, we need not express an opinion as to requirements numbered 3 and 5, above. In determining whether respondent's position was not substantially justified, the question is one of whether respondent's position in the litigation was unreasonable. VanderPol v. Commissioner,91 T.C. 367 (1988); Sher v. Commissioner, supra. That determination in turn entails a consideration of all the facts and circumstances known to respondent upon which he formed the legal basis for the position taken during the litigation. VanderPol v. Commissioner, supra;DeVenney v. Commissioner,85 T.C. 927 (1985). Petitioner argues that respondent was unreasonable and not substantially justified because: (1) Respondent asserted a value for the UEC stock which was unfounded and inflated; (2) Respondent did not accept a different value for the UEC stock despite being provided with a different appraisal, and a *103 critique of respondent's appraisals, by petitioner's expert; (3) Respondent refused petitioner's pre-trial offers to negotiate a settlement, and then refused the settlement offers petitioner made; (4) Respondent resisted settlement of the other issues raised by the notice of deficiency until this Court expressed displeasure in the prospect of trying such relatively trivial matters; and (5) Respondent further protracted the trial of this matter by moving for a reconsideration of this Court's bench opinion upon post-trial briefs. We disagree that respondent was unreasonable. The determination of the fair market value of petitioner's UEC stock on the date of decedent's death was a very complex matter which required an in-depth analysis of all the facts and circumstances which might have some influence upon such value. In support of respondent's position as to the value of petitioner's stock, respondent offered the opinions of two qualified experts. Based upon the entire record, we determined, both in our bench opinion and our written opinion, that respondent's valuation was inflated and incorrect. We cannot now say, however, that respondent's advancement of such a position *104 was unreasonable. Respondent relied upon his experts and, although we were not persuaded by them, respondent was reasonable to place such reliance upon such persons, both of whom were found, at trial, to be qualified as experts. Further, we cannot say that respondent's refusal to accept petitioner's expert's appraisal, or to recant his own experts' opinions in the face of petitioner's expert's critiques, was unreasonable. As indicated in our opinion, Estate of Feldmar v. Commissioner, supra, no one of the three experts' valuations were entitled to any more respect than either of the other two valuations. All the experts' valuations with which respondent was faced were entitled to consideration.However, respondent was not unreasonable in declining to accept petitioner's expert's opinion over his own experts' opinions. With respect to the allegations made concerning respondent's refusal to negotiate a settlement, we must point out that contrary allegations have been made by respondent with respect to petitioner's recalcitrance concerning settlement. Considering the mutual finger-pointing evident here, we must, without more, find that petitioners have failed *105 to establish that respondent was unreasonable in this respect, both as to the issue concerning the valuation of the UEC stock, and as to the other issues raised by the notice of deficiency. Finally, we cannot say respondent acted unreasonably by seeking a reconsideration of our bench opinion, or by insisting that such reconsideration be made with the benefit of briefs. The reasonableness of respondent's insistance was determined when we considered respondent's Motion for Reconsideration and petitioner's objections thereto, and when we granted respondent's motion despite the objections raised. Having granted respondent's Motion for Reconsideration despite petitioner's objections, we cannot now say that respondent acted unreasonably by seeking such reconsideration. For the foregoing reasons, Petitioner's motion for litigation costs will be denied.
Footnotes
1. All section references are to the Internal Revenue Code of 1986, as amended and in effect for the litigation expenses in dispute.↩