NORTON A. HIGGINS AND BETTY K. HIGGINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Higgins v. Commissioner
Docket Nos. 4723-88, 13337-88
United States Tax Court
T.C. Memo 1990-602; 1990 Tax Ct. Memo LEXIS 677; 60 T.C.M. (CCH) 1314; T.C.M. (RIA) 90602; November 27, 1990, Filed *677 An appropriate order will be issued and decision will be entered under Rule 155. Ps filed a motion for reasonable litigation costs pursuant to I.R.C. sec. 7430. Held, R's litigation position was substantially justified in that R reasonably relied on his expert's appraisal report valuing a conservation easement. Thomas A. Coughlin, III, for the petitioners. Diane D. Helfgott, for the respondent. NIMS, Chief Judge. NIMS
MEMORANDUM OPINION This matter is before the Court on petitioners' motion for award of reasonable litigation costs filed pursuant to Rule 231. (Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to sections of the Internal Revenue Code as in effect for the years in issue.) The merits of the underlying case were decided in Higgins v. Commissioner, T.C. Memo. 1990-103, and to the extent necessary for the disposition of this motion, the facts and holdings in T.C. Memo. 1990-103 are incorporated herein by this reference. The remaining issue for decision as raised in this motion is whether respondent's litigation position was substantially justified so as not to support an award of litigation costs to petitioners pursuant to section 7430. Petitioners, husband and wife, resided in Wilmington, Delaware, when they timely filed their petitions for redetermination herein on March 10, 1988, and June 10, 1988. The *679 primary issue in this case involved petitioners' charitable contribution deductions for the donation of a conservation easement (the easement) by grant to the Maryland Environmental Trust in 1981. The easement was granted with respect to 22.773 acres of property petitioners owned on the Choptank River in Talbot County, Maryland. Before granting the easement, petitioners had the property appraised by James Latham, a real estate appraiser recommended by the Maryland Environmental Trust. Latham estimated that the pre-easement market value of the property was $ 212,500 and that the easement reduced the market value of the property by $ 95,460. Petitioners increased this amount by $ 18,740 because Latham assumed petitioners would have to pay for installation of electricity and telephone and subtracted that amount from his valuation of the property. Petitioners believed the utilities would be installed without charge. Thus, petitioners reported a charitable contribution of $ 114,200 on their 1981 tax return. Petitioners carried the excess value of the charitable contribution forward to their 1982, 1983, and 1984 tax years. Through a preliminary valuation provided by an Internal *680 Revenue Service engineer, respondent determined that the easement was worth $ 22,000. Consequently, respondent issued statutory notices based on this valuation and petitioners sought a redetermination in this Court. Prior to trial, petitioners hired a second appraiser, Judith Reynolds, to value the easement and respondent retained the services of Robert VandeVisser for the same purpose. Ultimately, Reynolds valued the easement at $ 110,000 and VandeVisser at $ 50,150. By letter and accompanying memorandum dated October 17, 1988, petitioners offered to settle the case at the valuation of $ 110,000. While petitioners assert that "Respondent at no time presented a good faith counterproposal or intimated a willingness to settle the case at anything approaching petitioners' claimed value," respondent alleges otherwise. In particular, respondent alleges that after receiving petitioners' appraisal respondent made oral offers to settle as high as $ 85,000. Respondent asserts that petitioners would not negotiate with respect to their valuation of $ 110,000. In any event, the issue of the value of the easement was tried before this Court in December, 1988. In Higgins v. Commissioner, T.C. Memo. 1990-103, *681 this Court explained that because a conservation easement is normally granted by deed of gift, there is rarely an established market from which to derive fair market value for the easement. Assuming no comparable sales of easements are available to determine the value, the easement may be valued by a "before and after" analysis, comparing the value of the property in its highest and best use before the grant of the easement to the value of the property after the grant. The dimunution in the property's value by reason of the encumbrance is the fair market value of the easement. Latham, Reynolds, and VandeVisser all used the before and after method to value the easement. In considering the experts' reports, this Court found that the VandeVisser report was flawed to the extent that VandeVisser assumed that the highest and best use of the property before the easement was a single family residential lot, although it is apparent from our previous Opinion in this case that there was a rational basis for the single family residential lot approach. We accepted, however, petitioners' expert's opinion *682 that subdivision was the highest and best use of the property prior to the easement. On this basis, we concluded that the easement was worth $ 103,000. Pursuant to section 7430, the "prevailing party" in any civil proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under the Internal Revenue Code may be awarded reasonable litigation costs incurred in such proceeding. In order to be eligible for an award of litigation costs, petitioners must establish that (1) they satisfy the statutory definition of prevailing party; and (2) all administrative remedies available to them have been exhausted. Sections 7430(a), 7430(b). (We note that the provisions of section 7430 are applicable as it existed prior to amendment by Pub. L. 100-647, 102 Stat. 3743, effective as to proceedings commenced after November 10, 1988. Such amendment did not, in any event, make a substantive change in section 7430 relevant to the issue before us.) To satisfy the statutory definition of prevailing party, petitioners must (1) *683 establish that the position of the United States in the civil proceeding was not substantially justified; (2) substantially prevail with respect to the amount in controversy or with respect to the most significant issue or set of issues presented; and (3) meet net worth requirements. Section 7430(c)(2)(A) (now section 7430(c)(4)). With one exception, respondent concedes that petitioners have satisfied all of the foregoing requirements. However, respondent contends that petitioners have failed to establish that respondent's litigation position was not substantially justified. In the alternative, respondent contends that the $ 65,916.25 petitioners seek is in excess of reasonable litigation costs for this case. In determining whether respondent's position was not substantially justified, the question is one of whether respondent's position in the litigation was unreasonable. The determination of reasonableness should be made based upon all the facts and circumstances surrounding the proceeding and the fact that the Government eventually loses the case should not be determinative. VanderPol v. Commissioner, 91 T.C. 367, 369 n.3 (1988); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). *684 We believe that the record in this case establishes the overall reasonableness of respondent's position. Petitioners argue that respondent acted unreasonably in pursuing this litigation after respondent was made aware that both Latham and Reynolds had based their valuations on the premise that subdivision was the highest and best use for the property prior to the easement. However, as we have already pointed out, there was also a rational basis for the single family residential lot approach taken by respondent's expert, and we decline to fault respondent for not simply "caving in" when confronted with the countervailing approach taken by petitioners' experts. The determination of the fair market value of the easement presented special valuation problems which required an analysis of all the facts and circumstances influencing the value of real property. See Symington v. Commissioner, 87 T.C. 892, 895-896 (1986), and Hilborn v. Commissioner, 85 T.C. 677, 688-690 (1985), discussing before and after valuations of conservation easements. Respondent offered *685 the opinion of a qualified expert, in good faith, to support his position with respect to a complex valuation. Smith v. United States, 850 F.2d 242, 246 (5th Cir. 1988). In light of the uncertainties associated with the valuation of the conservation easement in question, we cannot say that respondent's reliance on VandeVisser's valuation was unreasonable, even though it was ultimately rejected in favor of Reynolds' valuation. Compare Frisch v. Commissioner, 87 T.C. 838 (1986). Petitioners' assertion that respondent refused to engage in settlement negotiations is refuted by the record which reveals that petitioners were billed by their counsel for settlement discussions with respondent during October and November, 1988. In the absence of any indication that respondent proceeded with his position for any reason other than to prevail in the litigation, we cannot say that respondent was unreasonable. VanderPol v. Commissioner, supra at 370. Accordingly, petitioners' motion for award of reasonable litigation costs will be denied. *686 An appropriate order will be issued and decision will be entered under Rule 155.