PAUL F. BELLOFF, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Belloff v. Commissioner
Docket No. 2358-91
United States Tax Court
T.C. Memo 1992-346; 1992 Tax Ct. Memo LEXIS 369; 63 T.C.M. (CCH) 3150; June 16, 1992, Filed *369 An appropriate order and order of dismissal will be entered. P filed a motion for reasonable litigation costs pursuant to sec. 7430, I.R.C.Held, P's motion is denied on the ground that R's litigation position was substantially justified. Emil Sebetic, for petitioner. Diane R. Mirabito, for respondent. NIMS
NIMS
MEMORANDUM OPINION NIMS, Judge: This matter is before the Court on petitioner's motion for allowance of reasonable litigation costs filed pursuant to section 7430 and Rule 231. (All section references are to the Internal Revenue Code as in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.) We note that the provisions of section 7430 are applicable as amended by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3746, effective as to proceedings commenced after November 10, 1988. To resolve this matter, we must first decide whether respondent's position was substantially justified. If we rule in petitioner's favor on this point, we must then decide whether petitioner meets the net worth limitation referred to in section 7430(c)(4) and whether the costs claimed are reasonable *370 in amount. The parties have submitted affidavits and memoranda in support of their positions in accordance with Rules 231 and 232. The parties have not requested a hearing, and we conclude that a hearing is not necessary for the proper consideration and disposition of petitioner's motion. Rule 232(a)(3). Rather, we will decide the matter based upon petitioner's motion, respondent's objection thereto, and the affidavits and exhibits provided by both parties. Background
Petitioner is a general partner in Barrister Associates. Barrister Associates is a general or limited partner in approximately 125 limited partnerships that were formed during the years 1981, 1982, and 1983. Respondent instituted an examination of the aforementioned partnerships in 1983. The partnerships formed prior to September 3, 1982 (the effective date of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 324, 670-671), including the partnerships formed during 1981 and one of the partnerships formed during 1982, are part of an IRS national litigation project known as Barrister I. The remaining partnerships are subject to the unified audit and litigation procedures *371 set forth in sections 6221 to 6233 and are part of an IRS national litigation project known as Barrister II. In November 1989 the parties reached a settlement with respect to the Barrister I partnerships formed during 1981. The settlement is reflected in a Closing Agreement on Final Determination Covering Specific Matters (Form 906) which states that petitioner is allowed an ordinary deduction from taxable income in the amount of $ 175,625 for the taxable year 1981 and that petitioner is not entitled to any other partnership deductions, losses, or investment credits with respect to the partnerships for any taxable years. The Form 906 further states: (6) The Service concedes any penalties under Code sections 6653(a) and 6661; taxpayer concedes that the Code section 6659 penalty applies at a 20% rate ($ 22,069.00 X .20) on the deficiency and that taxpayer shall be subject to interest in accordance with section 6621(c). This Closing Agreement does not affect or preclude later adjustments of (to the extent permitted by law) any other item of income, gain, loss, deduction, or credit other than those arising from "the partnerships" through Barrister Associates. [Emphasis added.] *372 The parties were unable to agree as to the proper tax treatment to be afforded the Barrister II partnerships. As a consequence, TEFRA partnership proceedings have been instituted and remain pending before this Court with respect to those matters. Petitioner claimed an investment tax credit in the amount of $ 261,597 on his Federal income tax return (Form 1040) for the taxable year 1984. The return does not reflect the specific investment or investments generating the credit so claimed. On November 2, 1990, respondent issued a notice of deficiency to petitioner for the taxable year 1984 determining an addition to tax under section 6659 in the amount of $ 78,613. The notice lacks any explanation of the manner in which the addition to tax was computed. On February 6, 1991, petitioner filed a petition for redetermination contesting "substantially all" of the addition to tax. On March 11, 1991, respondent issued a notice of tax due and demand for payment to petitioner with respect to the taxable year 1984. The notice demanded payment of a miscellaneous addition in the amount of $ 78,613.00 and interest in the amount of $ 67,671.63. On March 20, 1991, petitioner's counsel sent *373 a letter to respondent setting forth petitioner's position that the deficiency notice was invalid. The letter states in pertinent part: In a report to Belloff dated 10/26/90, IRS proposed adjustments regarding Barrister Associates for 1984 which proposed a deficiency of $ 287,161 which purports to reflect adjustments for 1984 under the closing agreement Form 906 dated 11/13/89. A copy of the report is attached as Exhibit B. No notice of deficiency has been issued regarding this proposed deficiency. In the deficiency notice dated 11/2/90, involved herein, IRS assessed the overvaluation penalty under Sec. 6659 of $ 78,613 for 1984 without identifying the deficiency on which it is based. * * * * * * The confusion in this case results from the complex facts of this case and the fact that the Barrister Associates partnership tax items were not broken down by group years such as 81 Group, 82 Group or 83 Group on the tax returns of either Barrister Associates or Belloff. I undertook the task of preparing worksheets for both Barrister Associates and Belloff which reflect the breakdown of tax items by partnership group for the tax years 1981 through 1984. * * * [Emphasis added.] *374 The letter included petitioner's computation reflecting a deficiency of $ 1,374 for petitioner's 1984 taxable year. On April 9, 1991, respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the time prescribed in sections 6213(a) or 7502. On May 6, 1991, petitioner filed an objection to respondent's motion to dismiss. On the same day, petitioner filed a cross-motion to dismiss for lack of jurisdiction based upon the lack of a valid statutory notice and a request for an injunction to enjoin respondent from collecting the amounts listed in the notice of tax due dated March 11, 1991. On May 21, 1991, respondent filed a motion requesting additional time to gather the documents necessary to determine the validity of the deficiency notice. Respondent further advised the Court that the assessment made on March 11, 1991, would be abated and collection efforts terminated. On June 26, 1991, respondent filed an objection to petitioner's motion to dismiss. The Court was advised that respondent recently had been made aware through contact with petitioner's counsel that petitioner's closing agreement covering the Barrister I partnerships *375 was inconsistent with the settlement offer extended to other Barrister I investors. More specifically, while petitioner's closing agreement provided for the imposition of the section 6659 addition to tax at a rate of 20 percent based on the amount of the deficiency, the settlement offer extended to other investors provided for the imposition of the section 6659 addition to tax at a rate of 20 percent based on the amount of the investment tax credit claimed. It was indicated that respondent would consent to the reformation of petitioner's closing agreement so that it would conform with the treatment afforded the remaining Barrister I investors. Respondent also indicated that, despite the assurances of petitioner's counsel in his letter dated March 20, 1991, that petitioner did not claim any investment tax credit for Barrister I investments on his 1984 tax return, respondent would have to independently verify the matter by examining the Barrister I and Barrister Associates partnership returns. On July 10, 1991, petitioner filed a reply to respondent's objection. Petitioner stated that he was prepared to provide respondent with the information necessary to resolve the matter and *376 that the case should be set for a status report in 60 days. On September 20, 1991, respondent filed a status report with the Court stating that petitioner was not liable for the addition to tax pursuant to section 6659. In particular, respondent determined through an examination of the several partnership returns in question that the investment tax credit claimed on petitioner's 1984 return did not arise from any of Barrister I partnerships. On November 4, 1991, respondent filed a motion for leave to withdraw the notice of objection to petitioner's motion to dismiss. By order and order of dismissal dated November 25, 1991, the Court granted respondent's motion for leave to withdraw the notice of objection, denied respondent's motion to dismiss for lack of jurisdiction, and granted petitioner's motion to dismiss for lack of a valid statutory notice of deficiency. On January 6, 1992, petitioner filed a motion for allowance of reasonable litigation costs pursuant to section 7430. In order to properly dispose of petitioner's motion, the Court vacated and set aside its order and order of dismissal dated November 25, 1991. On February 7, 1992, respondent filed a notice of objection *377 to petitioner's motion. Discussion
Pursuant to section 7430(a), the "prevailing party" in any administrative or court proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under the Internal Revenue Code may be awarded reasonable costs incurred in connection with such proceeding. Petitioner bears the burden of proof that he is entitled to such an award. Rule 232(e); Dixson Corp. v. Commissioner, 94 T.C. 708, 714-715 (1990). To be eligible for an award of litigation costs, petitioner must establish that: (1) All administrative remedies available to him have been exhausted; and (2) he satisfies the statutory definition of a prevailing party. Sec. 7430(b)(1) and (c)(4). Respondent concedes that petitioner has exhausted all available administrative remedies. To fall within the statutory definition of prevailing party, petitioner must establish that: (1) The position of the United States in the proceeding was not substantially justified; (2) he has substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set *378 of issues presented; and (3) he meets specified net worth requirements. Sec. 7430(c)(4)(A)(i)-(iii). Although respondent concedes that petitioner substantially prevailed in these proceedings, it is nonetheless contended that petitioner has failed to establish that respondent's litigation position was not substantially justified. In the alternative, respondent contends that the $ 10,545 claimed by petitioner is in excess of reasonable litigation costs for this case. In determining whether respondent's position was not substantially justified, the question essentially is one of whether respondent's position in the litigation was unreasonable. The determination of reasonableness is based upon all the facts and circumstances surrounding the proceeding and the fact that the Government eventually loses the case is not determinative. VanderPol v. Commissioner, 91 T.C. 367, 369 n.3 (1988); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). Petitioner argues that respondent acted unreasonably in both issuing and declining to rescind the deficiency notice on the ground that respondent at all times possessed the information necessary to establish *379 that the deficiency notice was invalid. Similarly, petitioner contends that it was unreasonable for respondent to file a motion to dismiss for lack of jurisdiction after having received petitioner's letter dated March 20, 1991, wherein petitioner assured respondent that he had not claimed any investment tax credit for Barrister I investments on his 1984 tax return. We begin by observing that the confusion in this case originated with the closing agreement respecting the proper tax treatment of the Barrister I partnerships. That agreement, executed by both parties, indicated that respondent was entitled to seek additions to tax pursuant to section 6659 based on 20 percent of the deficiency arising from any disallowed Barrister I partnership items. Notably, petitioner conceded in the letter dated March 20, 1991, that a deficiency, albeit in the nominal amount of $ 1,374, existed for the taxable year 1984. From this standpoint, it cannot be said that respondent acted unreasonably for not simply "caving in" when confronted with that letter. The next significant event occurred when petitioner raised the issue of conforming the closing agreement with the settlement offer extended *380 to other investors in Barrister I partnerships. As a consequence of respondent's consent to reform petitioner's closing agreement in this regard, the basis for the disputed deficiency notice apparently was altered. Specifically, respondent agreed that the addition to tax pursuant to section 6659 would be computed based on the amount of investment tax credit claimed from Barrister I partnerships as opposed to the amount of the deficiency. Unfortunately, although petitioner claimed an investment tax credit in the amount of $ 261,597 on his 1984 tax return, there was no explanation on either petitioner's return or the Barrister Associates' partnership return reflecting the specific investments generating the credit. Again, we do not agree that petitioner's March 1991 letter alone was adequate to justify respondent's immediately conceding the case. To the contrary, it was reasonable for respondent to independently examine the pertinent partnership returns to verify the accuracy of petitioner's assertions. While respondent might be criticized for not taking greater care in the preparation of the deficiency notice in the first instance, the complexity and size of the particular litigation *381 projects involved are not to be overlooked. In light of the manner in which this case evolved and viewing the record as a whole, we conclude that respondent's position was justified. Further, in the absence of any indication that respondent instituted and pursued this matter for any reason other than to prevail in the litigation, we cannot say that respondent acted unreasonably. VanderPol v. Commissioner, supra at 370. Having found that respondent's position was substantially justified, it is not necessary to address the remaining issues raised by the parties. Petitioner's motion for allowance of reasonable litigation costs will be denied. To reflect the foregoing, An appropriate order and order of dismissal will be entered.