ELDRED C. LOCKETT AND SHIRLEY T. LOCKETT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lockett v. Commissioner
Docket No. 1183-93
United States Tax Court
T.C. Memo 1994-144; 1994 Tax Ct. Memo LEXIS 145; 67 T.C.M. (CCH) 2595; March 31, 1994, Filed *145 For petitioners: Montie S. Day. For respondent: Thomas G. Schleier. PANUTHOS
PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Chief Special Trial Judge: This matter is before the Court on petitioners' motion filed pursuant to Rule 231 for an award of reasonable administrative and litigation costs pursuant to section 7430. [1]
In their motion, petitioners claim that respondent's position was not substantially justified during the administrative and judicial proceedings concerning petitioners' 1988 tax year. Respondent maintains that her position was substantially justified and, in the alternative, that the amount of costs claimed by petitioners is not reasonable. FINDINGS OF FACT At the time of the filing of the petition herein, petitioners resided in Reno, Nevada. The Internal Revenue Service (IRS) commenced an examination of petitioners' *146 1988 jointly filed Federal income tax return in the early part of 1992. Of particular concern to the IRS was petitioners' activity described on a Schedule C as "Promoter Sales". On the Schedule C, petitioners reported $ 3,102 in gross receipts from the activity and claimed cost of goods sold in the amount of $ 3,045, and expenses associated with the activity in the amount of $ 14,665. The IRS agent initially assigned to petitioners' case requested documents from petitioners on January 28, 1992, concerning the "Promoter Sales" activity. On June 25, 1992, petitioners sent the agent documents pertaining to the Schedule C activity. The documents consisted of (1) a business ledger, (2) copies of checks written for entry fees, dues and publications, costs of goods sold, and travel, (3) a copy of a one-page letter describing an item referred to as an "Automatic Timing System", (4) a schedule describing the source of deposits made to a bank account established for an entity referred to as Lockett Enterprise, and (5) a cover letter written by Philip Storrer (Storrer), petitioners' accountant at the time. The agent received this material but indicated that further information was required *147 to ascertain the business nature of the expenditures. The agent requested to meet with petitioners on several occasions; however, petitioners did not respond to such requests. On September 8, 1992, the agent sent petitioners his report concerning the examination, indicating that the expenses for dues and publications, travel, entry fees and costs of goods sold were being disallowed pursuant to section 162. According to the report, the IRS was not satisfied that petitioners were carrying on a trade or business. On October 20, 1992, respondent issued a notice of deficiency to petitioners for their taxable year 1988. Respondent determined a deficiency in petitioners' Federal income tax in the amount of $ 6,516 and additions to tax pursuant to section 6651(a)(1) and section 6653(a)(1) in the amounts of $ 651 and $ 698, respectively. In the notice, respondent disallowed the above-mentioned expenses, explaining that petitioners failed to establish that they were engaged in a trade or business for profit. Petitioners timely filed a petition on January 19, 1993, in which they assert that they were engaged in a trade or business and, that, therefore, respondent incorrectly disallowed *148 the claimed expenses. Respondent timely filed an answer on February 25, 1993, and denied most of the assertions made in the petition. Petitioners presented additional material to respondent's agents on May 20, 1993. Respondent reconsidered the disallowance and on October 6, 1993, the parties filed a stipulation of settled issues reflecting no deficiency or additions to tax due for the taxable year 1988. Subsequently, petitioners filed the instant motion seeking an award of costs. Respondent filed a response in opposition to petitioners' motion for costs. Petitioners claim administrative costs incurred during the period of September 8, 1992, through October 20, 1992, in the amount of $ 124.34. Petitioners seek litigation costs in the amount of $ 6,116.76 from the date of October 20, 1992. This amount reflects the cost of services provided by petitioners' lawyer, Montie Day, and their accountant, Storrer, as well as an amount for incidental litigation costs. The parties have not requested a hearing, and the Court has concluded that a hearing is not necessary. Rule 232(a)(3). We will decided the matter based upon the submissions of the parties. OPINION Section 7430 [2] allows *149 this Court to award reasonable administrative and litigation costs to the prevailing party in civil tax litigation. To obtain an award for administrative and litigation costs, petitioners (1) must have exhausted all administrative remedies available, (2) must not have unreasonably protracted the proceedings, (3) must satisfy the statutory definition of a prevailing party as defined in section 7430(c)(4)(A)(iii), and (4) must show that the costs claimed are reasonable. Sec. 7430(b) and (c). Petitioners must establish all of the above elements in order to recover such an award. Minahan v. Commissioner, 88 T.C. 492, 497 (1987). *150 To be considered a prevailing party within the definition of section 7430(c)(4), petitioners must show, inter alia, that (1) the position of the United States was not substantially justified, [3] (2) petitioners prevailed with respect to the amount in controversy or with respect to the most significant issue(s), and (3) petitioners satisfied the net worth requirement. Respondent conceded that petitioners substantially prevailed with respect *151 to the amount in controversy for the taxable year 1988 and that petitioners met the net worth requirement as defined in section 7430(c)(4)(A)(iii). Respondent further agreed that petitioners exhausted the administrative remedies available to them within the IRS and that petitioners have not unreasonably protracted any of the proceedings. However, respondent objects to the motion for costs on the basis that the Commissioner's position was substantially justified and, in the alternative, that the costs claimed are not reasonable. The "not substantially justified" standard under section 7430 is applied as of the separate dates respondent took positions in the administrative and judicial proceedings. Sec. 7430(c)(7). The term "position of the United States" for purposes of administrative costs means the position taken in the administrative proceeding as determined as of the earlier of the date of receipt by the taxpayer of the notice of decision of the IRS Office of Appeals or the date of the notice of deficiency. Sec. 7430(c)(7)(B). In view of the fact that there was no notice of decision from the IRS Office of Appeals, we look to the date of the notice of deficiency. The "position *152 of the United States" for purposes of litigation costs refers to the position of the United States in a judicial proceeding. Sec. 7430(c)(7)(A). A judicial proceeding in this Court is commenced with the filing of a petition. Rule 20(a). Generally, the Commissioner initially takes a position on the date she files her answer in response to the petition. Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part, revg. in part on other grounds, and remanding T.C. Memo. 1991-144; Han v. Commissioner, T.C. Memo. 1993-386. In determining whether the Commissioner's position was substantially justified, this Court will consider the basis of the Commissioner's position and the manner in which the Commissioner maintained that position. Wasie v. Commissioner, 86 T.C. 962, 969 (1986). This, in turn, depends upon a determination that the position had a reasonable basis in fact and law, taking into account the facts and circumstances available to the Commissioner at the time. Comer Family Equity Pure Trust v. Commissioner, 958 F.2d 136, 139-140 (6th Cir. 1992), *153 affg. per curiam T.C. Memo. 1990-316; DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). The Court will also consider: "(1) whether the government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation, and (3) such other factors as the Court finds relevant. * * *"
Sher v. Commissioner, 89 T.C. 79, 85 (1987) (quoting H. Rept. 97-404, at 12 (1981)), affd. 861 F.2d 131 (5th Cir. 1988). The fact that the Commissioner eventually loses or concedes the case does not per se establish an unreasonable position. Sokol v. Commissioner, 92 T.C. 760, 767 (1989); VanderPol v. Commissioner, 91 T.C. 367 (1988). Petitioners have the burden of proof on all issues relating to their claim. Rule 232(e); Rutana v. Commissioner, 88 T.C. 1329, 1332 (1987). *154 With respect to the basis of respondent's position during the administrative and court proceedings, we find that petitioners failed to establish that, based upon the facts available to respondent at the time, legal precedent did not substantially justify respondent's position. Deductions are a matter of legislative grace, for which a taxpayer must bear the burden of proving entitlement. Rule 142(a); Interstate Transit Lines v. Commissioner, 319 U.S. 590, 593 (1943); New Colonial Ice. Co. v. Helvering, 292 U.S. 435 (1934). In particular, for a taxpayer to claim a loss on Schedule C which pertains to an activity, he or she must establish that the activity constitutes a trade or business and that the business was engaged in for profit. Sec. 162; see Golanty v. Commissioner, 72 T.C. 411, 425-426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). As of the date the notice of deficiency was issued, petitioners had presented only a few documents, most of which verify that certain amounts were expended. There was insufficient documentation explaining *155 the activity itself and how these expenditures related to the activity. For example, the information does not adequately establish that the activity was operated in a businesslike manner; that petitioners had expertise in this field; or the time and effort expended by petitioners in carrying on the activity. Sec. 1.183-2(b), Income Tax Regs. Merely presenting documentation which substantiates that the claimed expenditures were made is not sufficient. Petitioners claim that respondent was in possession of petitioners' Schedules C for the years 1989, 1990, and 1991, which reflect a profit for those years and, therefore, establish that petitioners were engaged in a trade or business for profit. The record does not adequately establish that petitioners presented respondent with these Schedules C during the examination of the 1988 return. Furthermore, even if petitioners had presented respondent with the information, the Schedules C in and of themselves would not make petitioners' case without further verification by petitioners. The Schedules C for the years 1989, 1990, and 1991 reflect that the activity was "Mfr. & Sales-Ski Timer", not "Promoter Sales." Also the schedules use *156 a different business code than the one reflected on the 1988 Schedule C. Without sufficient proof at the time the notice was being issued that the activity was a trade or business entered into for profit, we believe it was reasonable for respondent to issue the notice of deficiency for the reasons stated therein. We find the same to be true as pertains to the basis for filing the answer. As of the date of filing, respondent had not received any further information from petitioners concerning the activity. Therefore, we believe it was reasonable for respondent to reassert in the answer the disallowance of the claimed deductions because petitioners failed to establish that the activity was a trade or business engaged in for profit. There is no indication in the record that respondent undertook a position during the administrative process that was not substantially justified. Petitioners failed to present respondent's agents with any additional material during this period and apparently did not meet with respondent's agents to discuss the case. Petitioners have failed to establish that respondent's position during the administrative proceedings was not substantially justified. *157 Therefore, petitioners are not entitled to an award of reasonable administrative costs. [4]
With respect to respondent's position during the judicial proceedings, we look to the date the answer was filed (February 25, 1993). It was not until May 20, 1993, several months after the answer was filed, that petitioners presented additional information to respondent's agents. At this time, respondent's agents reevaluated petitioners' case. After reviewing *158 the additional material offered by petitioners, respondent acted in a timely fashion by conceding the case. After the Commissioner receives documentation, she is entitled to a reasonable period of time in which to analyze the documentation and modify her answer. See Sokol v. Commissioner, 92 T.C. 760, 765 n.10 (1989) (citing several cases in which the Commissioner was given a reasonable period of time in which to resolve a factual issue after receiving all relevant information). Based upon the foregoing, we find that petitioners failed to establish that respondent's position during the judicial proceeding was not substantially justified and hold that petitioners are not entitled to an award for reasonable litigation costs. Based on this holding, we need not consider respondent's alternative position that the amount of costs claimed is not reasonable. An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Since the proceedings in the present case were commenced after Nov. 10, 1988, sec. 7430, as amended by the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, sec. 6239, 102 Stat. 3743, will apply. The effect of TAMRA on sec. 7430, in part, is that sec. 7430 was amended to delineate separately the administrative and court phases of the proceedings.↩
3. The pre-1986 version of sec. 7430 used the term "unreasonable". The Tax Reform Act of 1986, Pub. L. 99-514, sec. 1551(d)(1), 100 Stat. 2085, 2752, replaced the term "unreasonable" with the term "not substantially justified". This Court has concluded that the substantially justified standard is essentially a continuation of the prior law's reasonableness standard. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988); Rutana v. Commissioner, 88 T.C. 1329↩ (1987).
4. The amount which petitioners seek as "administrative costs" ($ 124.35) pertains to a period prior to the issuance of the notice of deficiency. As applicable in the present case, sec. 7430(c)(2) provides that the term "administrative costs" includes only costs incurred on or after the date of the notice of deficiency. Therefore, petitioners are not entitled to what they claim to be "administrative costs" in the amount of $ 124.35. What petitioners refer to as "litigation costs" is actually a combination of administrative and litigation costs. Sec. 7430(c)(1) and (2).↩