CYRUS T. SANTA MARIA and LUISA J. SANTA MARIA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Santa Maria v. Commissioner
Docket No. 1290-92
United States Tax Court
T.C. Memo 1995-64; 1995 Tax Ct. Memo LEXIS 65; 69 T.C.M. (CCH) 1867; February 6, 1995, Filed *65 An appropriate order will be issued denying the motion for litigation and administrative costs. For petitioners: Peter S. Buchanan. For respondent: Charlotte A. Mitchell. PARR
PARR
MEMORANDUM OPINION PARR, Judge: Petitioners have filed a motion for litigation and administrative costs pursuant to section 7430 [1] and Rule 230. The only issue for decision is whether the position of respondent in the underlying tax case was substantially justified. We find that it was, and, therefore, deny the award of litigation and administrative costs. On January 19, 1995, petitioners filed a motion for attorney's fees, supplemented by appropriate affidavits as required by Rule 232. Petitioners did not request a hearing, and we conclude that a hearing is not necessary for the proper consideration and disposition of this motion. Rule 232(a)(3). Additionally, due *66 to the information we have at hand and our holding, we did not deem it necessary to request a response from respondent in this matter. Rule 232(a)(1). The merits of the underlying case were decided in Santa Maria v. Commissioner, T.C. Memo. 1994-622, filed December 19, 1994, and to the extent necessary for the disposition of this motion, the facts and holdings in T.C. Memo. 1994-622 are incorporated herein by this reference. We will repeat the facts necessary to clarify the following discussion. In Santa Maria, petitioners substantially prevailed. Petitioners had challenged respondent's determination of deficiencies in their Federal income tax for the taxable year 1987. A significant issue in dispute was whether petitioners received unreported taxable income. We noted that petitioner wife's grandmother used a circuitous method to transfer money from her funds in the Philippines, to petitioners' wholly owned corporation, and finally to petitioners, in order for the grandmother to make a gift to petitioner-wife. Our analysis consisted of determining whether the grandmother had loaned money to the corporation, whether *67 the amount paid to petitioners was the amount that was due to the grandmother, and finally whether there was a gift from the grandmother to the granddaughter. At trial petitioners had the grandmother's Philippine property manager (Ms. Victoria) testify regarding the deceased grandmother's Philippine-sourced documents. That testimony supported petitioners' contention that the amounts were indeed loaned to the corporation, and that the grandmother intended the money to be given to her granddaughter. In order for us to award reasonable litigation and administrative costs under section 7430, a taxpayer must meet seven requirements: (1) File a timely motion for an award of reasonable litigation and administrative costs. Rule 231(a). (2) Substantially prevail in the proceeding in this Court. Sec. 7430(c)(4)(A)(ii). (3) Establish that the taxpayer did not unreasonably protract the administrative proceeding or the proceeding in this Court. Sec. 7430(b)(4). (4) Establish that the Commissioner's position in the administrative proceeding and the proceeding in this Court was not substantially justified in law or in fact. Sec. 7430(c)(4)(A)(i), (7)(a) and (b); Powers v. Commissioner, 100 T.C. 457, 468 (1993), *68 affd. in part, revd. in part, and remanded    F.3d     (5th Cir. 1995). (5) In the case of a motion for litigation cost, exhaust any administrative remedies available in the Internal Revenue Service. Sec. 7430(b)(1). (6) Have a net worth that did not exceed 2 million dollars at the time the petition was filed in the case. Sec. 7430(c)(4)(A)(iii). (7) Establish that the requested costs and attorney's fees are reasonable in amount. Sec. 7430(a), (c)(1) and (2). The seven requirements for an award under section 7430 are conjunctive; each requirement must be met before the Court may order an award of litigation and administrative costs under section 7430. Minahan v. Commissioner, 88 T.C. 492, 497 (1987); Han v. Commissioner, T.C. Memo. 1993-386. The taxpayer has the burden of proof with respect to every requirement. Rule 232(e); Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990). Here, since we hold below that petitioners have not shown factor 4 ("not substantially justified") to be true, we need not address the other *69 factors. The Tax Reform Act of 1986, Pub. L. 99-514, sec. 1551(d)(1), 100 Stat. 2085, 2752, changed the language describing the position of the United States for civil tax cases commenced after December 31, 1985, from "unreasonable" to "not substantially justified"; the former standard was applicable under the Equal Access to Justice Act (EAJA), 28 U.S.C. sec. 2412 (1988). This Court has concluded that the substantially justified standard is essentially a continuation of the prior law's reasonableness standard. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). The not substantially justified standard is applied as of the separate dates that respondent took a position in the administrative proceeding and the proceeding in this Court. Sec. 7430(c)(7)(A) and (B); Han v. Commissioner, supra. Here, these two positions are the same. Whether or not this position was substantially justified will determine whether petitioners are entitled to an award of reasonable attorney's fees and costs. EAJA's substantially justified standard *70 requires that the Government's position be justified to a degree that would satisfy a reasonable person. Pierce v. Underwood, 487 U.S. 552, 564-565 (1988). That interpretation also applies to motions for litigation costs under section 7430. Comer Family Equity Pure Trust v. Commissioner, 958 F.2d 136, 139-140 (6th Cir. 1992), affg. per curiam T.C. Memo. 1990-316. In determining whether the Commissioner's position was substantially justified, this Court will consider the basis of her position and the manner in which that position was maintained. Wasie v. Commissioner, 86 T.C. 962, 969 (1986). This standard is no different from the "reasonable basis both in law and fact" formulation adopted by the vast majority of the Courts of Appeals. Id. For a position to be substantially justified, there must be substantial evidence to support it. Pierce v. Underwood, supra.As the Supreme Court stated: Judicial review of agency action, the field at issue here, regularly proceeds under the rubric of "substantial evidence" set *71 forth in the Administrative Procedure Act, 5 U.S.C. sec. 706(2)(E). That phrase does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." [Id. at 564-565 (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).]
In order to determine whether the Commissioner acted reasonably, we must consider the facts and circumstances known to her that provided the factual and legal basis for her determination. DeVenney v. Commissioner85 T.C. 927, 931 (1985). Where the facts on which the Commissioner relies are not "unusually scanty or unworthy of belief", the failure of the facts to convince the trier of fact of the ultimate persuasiveness of the Commissioner's position generally is not reason to hold that her position is unreasonable or without substantial justification. VanderPol v. Commissioner, 91 T.C. 367, 370 (1988). Here, the determination of the existence of unreported income was one that could only be resolved *72 through the examination of all of the facts and circumstances surrounding the transactions. The parties offered testimony of 4 witnesses and introduced 18 joint exhibits; petitioners also introduced 15 exhibits of their own. Petitioners' case largely turned on the credibility of their witnesses. There was no indication at trial that respondent's evidence was unusually scanty or unworthy of belief. There was no reason to suspect that respondent had taken her position for any purpose other than to prevail in the litigation. After considering the arguments presented by petitioners and the record as a whole, we conclude that respondent's position was not unreasonable. For all of the above reasons, we hold that petitioners are not entitled to litigation costs pursuant to section 7430. To reflect the foregoing, An appropriate order will be issued denying the motion for litigation and administrative costs.
Footnotes
1. All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩