BENJAMIN J. HARRISON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harrison v. Commissioner
Docket No. 29324-91
United States Tax Court
T.C. Memo 1995-86; 1995 Tax Ct. Memo LEXIS 87; 69 T.C.M. (CCH) 1969; March 1, 1995, Filed *87 An appropriate order and decision will be entered denying the award of litigation and administrative costs. For petitioner: Audrey J. Orlando. For respondent: Emily J. Kingston. PARR
PARR
MEMORANDUM OPINION PARR, Judge: Petitioner has filed a motion for litigation and administrative costs pursuant to section 7430 [1] and Rule 230. The issue for decision is whether the position of respondent in the underlying tax case was substantially justified. We find that it was, and therefore, deny the motion for litigation and administrative costs. On January 20, 1995, [2] petitioner filed a motion for reasonable litigation and administrative costs, and a request for a hearing, supplemented by appropriate affidavits as required by Rule 232. We conclude that a hearing is not necessary for the proper consideration and disposition of this motion. Rule 232(a)(1). *88 Additionally, due to the information we have at hand and our holding, we did not deem it necessary to request a response from respondent in this matter. Id.
The merits of the underlying case were decided in Harrison v. Commissioner, T.C. Memo. 1994-268, filed June 13, 1994 (hereinafter Harrison I), and supplemented by Harrison v. Commissioner, T.C. Memo. 1994-614, filed December 15, 1994. To the extent necessary for the disposition of this motion, the facts and holdings in Harrison I are incorporated herein by this reference. We will repeat the facts necessary to clarify the following discussion. In Harrison I, petitioner substantially prevailed. In the underlying tax case, petitioner primarily challenged respondent's determination of negligence in his Federal income tax for the 1984 tax year. [3] Because respondent waited until filing her answer to assert negligence, she had the *89 burden of proof on this issue. Rule 142(a). The significant issue in the case was whether respondent showed that petitioner was unreasonable in not filing timely returns for the years in issue. We found that respondent failed to show that petitioner's conduct reflected a "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Harrison I, supra (quoting Neely v. Commissioner, 85 T.C. 934, 947 (1985), and Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964)). We found unusual extenuating circumstances in the years in question: Petitioner's sister suffered from cancer, and petitioner worked two jobs to help his sister's *90 family financially through this difficult period. Also, petitioner's brother was murdered and petitioner assisted with the burial costs, as well as making arrangements to accompany his brother's body back to their family home. In order for us to award reasonable litigation and administrative costs under section 7430, a taxpayer must meet seven requirements. See Powers v. Commissioner, 100 T.C. 457, 468 (1993), affd. in part, revd. in part and remanded 43 F.3d 172 (5th Cir. 1995). The seven requirements for an award under section 7430 are conjunctive; each requirement must be met before we may order an award of litigation and administrative costs under section 7430. Minahan v. Commissioner, 88 T.C. 492, 497 (1987). The taxpayer has the burden of proof with respect to every requirement. Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990). Here, we need not address all of the factors, since we hold below that petitioner has not established that respondent's position in the administrative proceeding *91 and the proceeding in this Court was not substantially justified in law or in fact. The not substantially justified standard is applied as of the separate dates that respondent took a position in the administrative proceeding and the proceeding in this Court, sec. 7430(c)(7)(A) and (B); Han v. Commissioner, T.C. Memo. 1993-386; respectively, those dates are September 26, 1991, and February 14, 1992. Here, the two positions are the same on all issues except one: fraud was determined in the notice of deficiency, [4] while negligence was asserted in the alternative in the answer. The substantially justified standard requires that the Government's position be justified to a degree that would satisfy a reasonable person. Pierce v. Underwood, 487 U.S. 552, 564-565 (1988). In determining whether the Commissioner's position was substantially justified, we must consider the facts and circumstances known *92 to her that provided the factual and legal basis for her determination. DeVenney v. Commissioner85 T.C. 927, 931 (1985). Where the facts on which the Commissioner relies are not "unusually scanty or unworthy of belief", the failure of the facts to convince the trier of fact of the ultimate persuasiveness of the Commissioner's position generally is not reason to hold that her position is unreasonable or without substantial justification. VanderPol v. Commissioner, 91 T.C. 367, 370 (1988). Here, though petitioner's anguishing family tragedies occurred in 1983 and 1984, he took his tax information to a certified public accountant (C.P.A.) in 1985, in order to have his 1982, 1983, and 1984 returns prepared. He testified that the C.P.A.'s fees were too high, and so he then chose to take the information to a tax preparation service doing business as Triple Check. According to the tax preparer information on page 2 of Form 1040, each return was prepared in either March or May 1986. The returns remained unfiled, prompting the Internal Revenue Service (IRS) to begin investigating petitioner and to subpoena the returns from *93 Triple Check on November 17, 1986. Petitioner thus had a minimum of 6 months, from May to November of 1986, when he could have picked up the completed returns and filed them, at a time when his family tragedies were 2 years behind him. At the point when respondent issued the notice of deficiency, the following events had occurred: On August 29, 1991, petitioner filed his 1982 return 8 years and 4 months late, showing that he owed $ 1,561 in tax, which he did not pay when he filed the return. On July 24, 1989, petitioner filed his 1983 return 5 years and 3 months late. Respondent had to collect payment of petitioner's 1983 tax through levies and installments from March 29, 1990, through August 30, 1991, although respondent overcollected the tax and petitioner will receive a refund for this year. Finally, on November 3, 1988, petitioner filed his 1984 return 3 years and 7 months late, for which a deficiency exists. Petitioner contends that respondent was unreasonable in not acknowledging in the notice of deficiency the fact that petitioner had filed his 1982 return 5 weeks earlier. We disagree. Petitioner filed his 1982 return 8 years late. The fact that the late-filed return *94 was not reflected in the notice of deficiency issued 5 weeks later is not enough under these circumstances to establish that the position of respondent was not substantially justified. Petitioner also complains that he was not given an opportunity to verify the items shown on his returns prior to the issuance of the notice of deficiency, at the same time he was refusing to sign a consent to extend the time for the IRS to examine those returns. [5] Petitioner filed his returns from 3 to 8 years late but would not allow respondent additional time by signing a consent to extend the time for the IRS to examine his returns. Respondent was justified in issuing a notice of deficiency based on the information she then had available. We also disagree that respondent "forced petitioner to try the issue of whether the [1982] tax return had been 'filed'"; this issue was conceded before trial. *95 Under these circumstances, one cannot help thinking that petitioner "doth protest too much". Shakespeare, Hamlet, act III, sc. ii. Petitioner had very difficult personal problems that we viewed as significant enough to relieve him of additions to tax for negligence. However, petitioner put himself in the position of filing his Federal income tax returns late. We hold that on these facts, respondent's position at the time the notice of deficiency was issued was substantially justified. Here, at the litigation level, the only significant issue was whether petitioner was liable for additions to tax due to negligence. The determination of the existence of negligence was one that could only be resolved through the examination of all of the facts and circumstances surrounding petitioner's situation at the time his Federal income tax returns were due. Petitioner's case largely turned on our judgment of his credibility. There was no indication at trial that respondent's evidence was unusually scanty or unworthy of belief. There was no reason to suspect that respondent had taken her position for any purpose other than to prevail in the litigation. After considering the arguments *96 presented by petitioner and the record as a whole, we conclude that respondent's position was substantially justified. For all of the above reasons, we hold that petitioner is not entitled to litigation costs pursuant to section 7430. To reflect the foregoing, An appropriate order and decision will be entered denying the award of litigation and administrative costs.
Footnotes
1. All section references are to the Internal Revenue Code and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. The motion was not timely; however, we granted leave to file.↩
3. In the original notice of deficiency, there were a number of issues. Substantially all of the issues, other than the negligence issue, were resolved in petitioner's favor prior to trial.↩
4. The fraud issue was conceded by respondent prior to trial.↩
5. Sec. 7430 does not precondition the award of litigation and administrative costs on a taxpayer's agreement to an extension of the period of limitations at the Commissioner's request. Minahan v. Commissioner, 88 T.C. 492, 508↩ (1987). Here, the fact petitioner would not sign the consent is simply one piece in the consideration, not the sole reason for our decision.