WILLIAM J. CRESKE AND CHARLENE A. CRESKE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Creske v. Commissioner
Docket No. 21953-87
United States Tax Court
T.C. Memo 1990-318; 1990 Tax Ct. Memo LEXIS 336; 59 T.C.M. (CCH) 1001; T.C.M. (RIA) 90318; June 26, 1990, Filed Gerald S. Walsh and David C. Keating, for the petitioners. Joseph R. Peters, for the respondent. KORNER, Judge. KORNER
MEMORANDUM OPINION This case was originally decided sub nom. William J. Creske and Charlene A. Creske, et al. v. Commissioner, T.C. Memo. 1988-574, on December 19, 1988, and decision herein of no deficiency was entered on April 10, 1989. In that same decision, petitioners' motion for award of litigation costs under section 7430[1] was denied, without opinion. Petitioners thereafter appealed this denial of the award of litigation costs to the United States Court of Appeals for the Seventh Circuit, [2] and on February 20, 1990, the United *337 States Court of Appeals vacated and remanded the decision herein, as to the denial of an award under section 7430, with instructions to set forth the Court's reasons for denying the taxpayers' motion for litigation costs. As the Court of Appeals correctly summarized in its opinion, 896 F.2d 250 (7th Cir. 1990), the basis of the Commissioner's determination of deficiency against petitioners was that certain monies of Wausau Tile Company, the company which employed petitioner William Creske, had been embezzled by petitioners for the purpose of building a house for them. This Court concluded, in the words of the Seventh Circuit: After a consolidated trial, the tax court *338 determined that the Creskes were credible witnesses and found that the failure to charge the personal expenses against his note was due to "inherent inadequacies in Wausau Tile's bookkeeping department," not embezzlement. * * * Accordingly, the tax court determined that there were no deficiencies in income tax or additions to tax due for Mr. and Mrs. Creske. Following this decision, the Creskes moved for litigation expenses pursuant to 26 U.S.C. § 7430. Under that statute, a taxpayer must show that the Commissioner's position in the litigation was "substantially unjustified." 26 U.S.C. sec. 7430(c)(4)(A)(i). * * *
The reason the Court denied litigation expenses to petitioners in this case was that they failed to satisfy the Court that the Commissioner's position was substantially unjustified, within the meaning of the statute. Rule 232(e). The situation was that Wausau Tile was a company owned by petitioner's father, and the company employed petitioner as one of its principal officers. When company funds were used to build petitioner's residence, respondent determined that something was amiss, and that petitioner William *339 Creske, a principal employee of the company and the owner's son, had embezzled the funds. As came out in the course of trial and in the Court's opinion herein, the error was innocent and the results of inadequate bookkeeping on the part of the Wausau Tile Company. Promissory notes had been given in the past by the company to petitioner for bonuses, and these notes had not been paid. Properly treated, the monies advanced by the company to build petitioner's house should have been charged against those notes. Some were so charged, but, through bookkeeping error, other amounts were deducted as a company expense. In the above factual picture, wherein we decided the errors were not those of petitioners but of the company, the unexplained facts on their face were certainly ambiguous. The Court did not make a determination of the merits of the case until full trial and briefing. It then determined that petitioners herein were innocent in the matter and decided in their favor. That is not to say, however, that the position of the Commissioner was capricious or substantially unjustified. The facts as they were then known to the Commissioner were certainly capable of two interpretations. *340 Just because this Court ultimately held the Commissioner to be in error with respect to petitioners, it does not necessarily follow that this was a substantially unjustified error. In short, although we held in favor of petitioners on the substantive issues presented, we denied an award of fees and expenses under section 7430 because we did not think that petitioners had satisfied the requirement of the statute that they prove respondent's determination to have been substantially unjustified. We adhere to that position herein. Compare Harrison v. Commissioner, 854 F.2d 263 (7th Cir. 1988), affirming T.C. Memo. 1987-52. An appropriate order will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
2. Two other cases which had been consolidated with this case for trial and opinion in this Court were not appealed.↩