**William J. CRESKE and Charlene A. Creske, Petitioners–Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

Nos. 90–3238, 90–3450.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 13, 1991.

Decided Oct. 17, 1991.

As Amended on Denial of Rehearing Dec. 5, 1991.

David C. Keating, Gerald S. Walsh (argued), Charne, Clancy & Taitelman, Milwaukee, Wis., for petitioners-appellants.

William F. Nelson, Abraham N.M. Shashy, Jr., I.R.S., Gary R. Allen, Laura Marie Conley O'Hanlon, Gilbert S. Rothenberg, Bridget Rowan (argued), Dept. of Justice, Tax Div., Appellate Section, Charles S. Casazza, U.S. Tax Court, Washington, D.C., for respondent-appellee.

Before CUDAHY and EASTERBROOK, Circuit Judges, and MOODY, District Judge.[*]

EASTERBROOK, Circuit Judge.

After William and Charlene Creske prevailed in their dispute with the Commissioner of Internal Revenue, they sought attorneys' fees and other litigation costs under 26 U.S.C. § 7430. We remanded so that the Tax Court could explain why it denied the Creskes' application. 896 F.2d 250 (1990). The Tax Court issued an opinion stating that because the unexplained facts offered support for the Commissioner, and the outcome depended on its resolution of a credibility dispute, the government's position was substantially justified. 59 T.C.M. 1001 (1990).

■ The Creskes have filed two notices of appeal, because the Tax Court filed its decision twice. On June 26, 1990, the court entered an order denying the Creskes' application for fees and costs. The Creskes filed a timely notice of appeal, No. 90–3238, on September 21, 1990. A short time later the Tax Court vacated not only its order denying the application for fees but also its decision of 1989 deciding the case on the merits. On October 1 it entered a new decision on both subjects. The Creskes filed a second notice of appeal, No. 90–3450, on October 29. If the first notice of appeal is effective, appeal No. 90–3450 must be dismissed; if as the Commissioner argues the order of June 26 was not appealable, then appeal No. 90–3238 must be dismissed.

Our jurisdiction depends on 26 U.S.C. § 7482(a)(1), which provides:

The United States Courts of Appeals ... shall have exclusive jurisdiction to review the decisions of the Tax Court ... in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury....

Is an order denying an application under § 7430 a "decision" of the Tax Court? If so, then the Creskes' first notice of appeal brought the case here. The Commissioner believes that only an order finally determining a deficiency in tax (or its absence), or finally dismissing a case for want of jurisdiction, is a "decision" for purposes of § 7482(a)(1). The Commissioner cites *CIR v. S. Frieder & Sons Co.*, 228 F.2d 478, 480 (3d Cir.1955). He could have cited *Kreider v. CIR*, 762 F.2d 580, 584 (7th Cir.1985), which says, quoting from *W.W. Windle Co. v. CIR*, 550 F.2d 43, 45 (1st Cir.1977), that a "decision" is "any 'formal determination of the existence or nonexistence of a deficiency.' "

None of these opinions discusses § 7430, which was not enacted until 1982. *Kreider*, like many similar decisions, distinguishes decisions on the merits from the many other matters that arise in the course of any case. Section 7482(a)(1) does not imply, however, that only a decision on "the merits" is reviewable. It creates jurisdiction over decisions of the Tax Court "to the same extent as decisions of the district courts in civil actions". We know from *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), that post-judgment decisions awarding or declining to award attorneys' fees are independently appealable in civil litigation; it must follow that identical decisions are appealable when entered by the Tax Court. Any other approach not only would break the link between review of decisions rendered by district courts and those rendered by the Tax Court but also would allow the Tax Court to insulate actions under § 7430 from appellate review by entering them separately from resolution of the merits. Section 7482(a)(1) does not require such an implausible result.

The Tax Court's order vacating and reentering the award of fees on October 1 may be attributable to § 7430(f)(1), which provides that an "order granting or denying ... an award for reasonable litigation ... costs ... may be incorporated as part of the decision or judgment in the court proceeding and shall be subject to appeal in the same manner as the decision or judgment." Before its amendment in 1988, similar language in § 7430(e) said that the

[*] Honorable James T. Moody, of the Northern District of Indiana, sitting by designation.

order on costs "*shall* be incorporated" (emphasis added) as part of the judgment. The statute revising § 7430 in 1988 preserved the application of the old version for pending cases. Pub.L. 100–647 § 6239(d). Thus the Tax Court was under instructions to enter a single judgment covering the merits and fees, a duty of special import because by vacating the "judgment" on the first appeal we necessarily set aside the order on the merits. (By the way, this made the Tax Court's order vacating its 1989 decision surplusage.) The old version of § 7430(e) does not affect our jurisdiction, however. Although the Tax Court *should* have entered a single document addressing both merits and fees, the document it *did* enter on June 26 was appealable under § 7482(a)(1). The replacement of "shall" with "may" reinforces our understanding of § 7482(a)(1). With the link between merits and fees broken, it is essential to apply *Budinich* and treat the two as separately appealable. Accordingly, we conclude that appeal No. 90–3238 is effective and dismiss No. 90–3450.

 Our review of the Tax Court's decision under § 7430 is deferential. 896 F.2d at 252. The Tax Court did not abuse its discretion. William Creske failed to report as income some $60,000 that a family corporation had expended to make improvements on William's property. The corporation deducted these payments from its own income as business expenses, which they would be only if the improvements served as compensation to William. At trial William and his father testified that the improvements were indirect payments on notes the corporation had issued. If so, William's tax returns were right but the corporation was not entitled to take a deduction. (If the corporation's tax treatment of the expenses was correct, however, William's was wrong.) The Tax Court believed the Creskes' testimony, but, as it observed when denying the application under § 7430, preferring an oral explanation over the documents does not mean that the position of the side relying on the documents was unreasonable. Cf. *District*

*No. 8 v. Clearing,* 807 F.2d 618, 622 (7th Cir.1986). In a post-trial brief, the Commissioner sought a negligence penalty; later the Commissioner withdrew this request, conceding that it was mistaken. Although this aspect of the government's litigating position was not substantially justified, a short-lived blunder that causes minimal cost to the adverse party does not require the court to award fees and costs under § 7430.

Appeal No. 90–3450 is dismissed for want of jurisdiction. The decision of the Tax Court is affirmed.