Michael G. WILLIAMS, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 90-674T.

United States Claims Court.

June 9, 1992.*

Randolph W. Thrower, Atlanta, Ga., for plaintiff. John H. Fleming and Amanda B. Scott, of counsel.

Bartholomew Cirenza, with whom was Asst. Atty. Gen. Shirley D. Peterson, Washington, D.C., for defendant.

## ORDER

ANDEWELT, Judge.

In this tax action, the Internal Revenue Service (IRS), pursuant to Section 6672 of the Internal Revenue Code, 26 U.S.C. (the Code), assessed a penalty against plaintiff, Michael G. Williams, for failing to segregate and pay over to the IRS social security and income taxes withheld from employees of the Williams Bridge Company (WBC). In an order filed on March 18, 1992, 25 Cl.Ct. 682, this court found that plaintiff was not liable for the taxes assessed. Plaintiff now asks the court for an award of attorneys' fees and expenses on the ground that "the position of the United States in the proceedings was not substantially justified." 26 U.S.C. § 7430(c)(4)(A)(i).

Plaintiff's request is denied. The test for determining whether defendant's position was "substantially justified" is to inquire whether defendant's position was reasonable. *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). The dispute at trial focused on the issue of whether plaintiff was a "responsible person" who "willfully" or "recklessly" failed to pay taxes under the statute. In contending that plaintiff met these criteria, defendant did not offer a novel or unsupported interpretation of

---

* This order originally was not issued for publication. The court received an oral request from defendant that the order be published. This order is reissued as of June 15, 1992, and is available for publication.

the law or unreasonably rely upon a statutory interpretation that already had been rejected by this or another court. *See, e.g., Estate of Perry v. Commissioner of Internal Revenue,* 931 F.2d 1044 (5th Cir.1991). Moreover, defendant's position, albeit ultimately wrong, was otherwise reasonable.

It was not unreasonable for defendant to have come to the conclusion that plaintiff was sufficiently influential in the management of WBC to have met the standards of a "responsible person," and that his failure to pay taxes was willful or at least reckless. Plaintiff had an educational background that focused on business. Within WBC, he handled bidding, job estimating, and other managerial tasks, including preparing and signing employment tax returns. Plaintiff assumed the titles of vice president, treasurer, and office manager. These titles created the appearance of authority which convinced at least some outside creditors to rely upon plaintiff's word when extending credit to or signing contracts with WBC. Plaintiff signed numerous contracts, loan agreements, and other legal obligations; he also hired two office employees—secretary/receptionist and a bookkeeper. When creditors called to collect unpaid debts, plaintiff was the person to whom they were directed. Plaintiff also had significant check writing authority, initially to sign his father's name and later to sign in his own name. Moreover, had WBC survived its difficulties and gone on to prosper, plaintiff was well-positioned to share in the fruits of that prosperity. In deciding to pursue the instant action, defendant, apparently like other creditors, concluded that plaintiff held a position of high-level responsibility within WBC.

In its March 18, 1992, order, this court, applying cases interpreting Section 6672, indicated that the above facts generally give strong support to a conclusion that plaintiff met the statutory requirements of a "responsible person." However, the court concluded that these indicia of responsibility did not in fact reflect plaintiff's actual authority within WBC. The court based its conclusion upon the trial testimony of plaintiff and other supportive witnesses whom the court found credible, despite their past or current ties to plaintiff.

It is true that defendant had the opportunity to observe the credibility of these trial witnesses in pretrial depositions, but the credibility of a witness can vary on different occasions and even when observing the same testimony, different people often can reasonably disagree as to a credibility assessment. After viewing the witnesses at trial, the court cannot conclude that it was unreasonable for defendant, after having observed all but one of these witnesses during deposition, to have continued to pursue this action. In the context of the significant evidence suggesting that plaintiff had a position of responsibility within WBC, defendant reasonably could have determined to go forward with the trial in the hope that the court would find the evidence supporting defendant's view more persuasive. Defendant's position on the law and its application of the law to the facts of this case, although unsuccessful, was substantially justified under the standard enunciated in *Pierce,* 487 U.S. at 565, 108 S.Ct. at 2550.[1]

### Conclusion

For the reasons set forth above, plaintiff's May 28, 1992, application for attorneys' fees and expenses is denied.

IT IS SO ORDERED.

---

1. Plaintiff complains that defendant unreasonably argued that in order to avoid liability as a "responsible person," plaintiff should have resigned from WBC or should have written checks to the IRS in defiance of his father. But defendant did not argue that plaintiff should have taken these steps *regardless* of his level of authority in the company; defendant merely argued, in effect, that, if plaintiff were found to be a "responsible person," plaintiff would have had to take these or similar actions in order to escape a finding that he willfully or recklessly failed to pay taxes. The court has examined the evidence and concludes that defendant's position that plaintiff's actions were a willful or reckless disregard of the tax obligation was substantially justified. *See, e.g.,* this court's opinion in *Sulger v. United States,* 24 Cl.Ct. 535, 539–40 (1991).