T.C. Memo. 1996-423


UNITED STATES TAX COURT


NATIONAL INDUSTRIAL INVESTORS, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 24863-93.          Filed September 18, 1996.


     P, a California corporation, substantially
prevailed in a Tax Court case involving the deduction
of business expenses, interest, depreciation, and net
operating loss carryovers.  P then moved for an award
of reasonable administrative and litigation costs
pursuant to section 7430, I.R.C.
1.  <u>Held</u>:  P's administrative costs were incurred prior
to the issuance of the statutory notice of deficiency
and are therefore not recoverable.
2.  <u>Held</u>, <u>further</u>,  R's litigation position was
substantially justified as to all contended issues, and
P is therefore not entitled to an award of litigation
costs.

_____

[*]This opinion supplements our previously filed opinion in
<u>National Industrial Investors, Inc. v. Commissioner</u>, T.C. Memo.
1996-151.

Donald Del Grande, for petitioner.

Elaine L. Sierra, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

NIMS, Judge:  This matter is before the Court on petitioner's Motion for Litigation and Administrative Costs (motion for costs) filed pursuant to Rule 231 and section 7430 on April 26, 1996.  Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure.  All section references are to sections of the Internal Revenue Code in effect during 1989 and 1990.

The merits of the underlying case were decided in National Industrial Investors, Inc. v. Commissioner, T.C. Memo. 1996-151, filed March 26, 1996, and to the extent necessary for the disposition of this motion, the facts and holdings in T.C. Memo. 1996-151 are incorporated herein by this reference.  We shall repeat the facts as necessary to clarify the following discussion.

Respondent issued a statutory notice of deficiency on September 16, 1993.  A petition was filed on November 22, 1993. At that time, petitioner (NII), a California corporation, had its principal office at 956 Jackling Drive, Hillsborough, California 94010.  On January 18, 1994, respondent filed an answer to the petition, which she subsequently amended twice.  The trial took place on December 6, 1994 at San Francisco, California, and

petitioner thereafter filed its motion for costs. Respondent filed notice of objection to petitioner's motion for costs on June 28, 1996, pursuant to the Court's Order. No hearing has been requested and none is necessary. Rule 232(a)(3). The issues for decision are: (1) Whether petitioner qualifies as a "prevailing party" for purposes of section 7430 and, if so, (2) whether the administrative and litigation costs petitioner seeks are reasonable.

A taxpayer considered a prevailing party in a civil tax proceeding may be awarded a judgment for reasonable administrative and litigation costs incurred in that proceeding. Sec. 7430(a)(1) and (2). A taxpayer must satisfy several conjunctive requirements to be deemed a prevailing party. Sec. 7430(c); Polyco, Inc. v. Commissioner, 91 T.C. 963, 964 (1988); see Minahan v. Commissioner, 88 T.C. 492, 497 (1987). The taxpayer must:

(1) Establish that the position of the United States in the civil proceeding was not substantially justified (sec. 7430(c)(4)(A)(i));

(2) substantially prevail in the litigation (sec. 7430(c)(4)(A)(ii)); and

(3) if the taxpayer is a corporation, meet the net worth and number of employee requirements of 28 U.S.C. sec. 2412(d)(2)(B)

(1994) (as in effect on the date of the enactment of the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1551(h)(3), 100 Stat. 2085, 2753) (sec. 7430(c)(4)(A)(iii)).

Courts will not award litigation costs under section 7430(a) unless a prevailing party has exhausted the administrative remedies available to such party with the IRS.  Sec. 7430(b)(1). Moreover, no award for reasonable administrative or litigation costs may be made with respect to any portion of the civil proceeding during which a prevailing party has "unreasonably protracted" such proceeding.  Sec. 7430(b)(4).

In the instant case, respondent agrees that petitioner has: (1) Substantially prevailed with respect to the amount in controversy; (2) exhausted the administrative remedies available to it; (3) not unreasonably protracted the proceedings; and (4) shown that the net worth and number of employees requirements have been met.  Respondent contends, however, that her position was substantially justified so that petitioner is not a prevailing party for purposes of section 7430.  In the alternative, respondent argues the amount of administrative and litigation costs claimed by petitioner is unreasonable.

Since petitioner's motion for costs was filed prior to the enactment of the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 701, 110 Stat. 1452, 1463 (1996), it bears the burden of proving that respondent's position in the proceedings was not

substantially justified or was unreasonable.  Sec.
7430(c)(4)(A)(i); Rule 232(e); Polyco, Inc. v. Commissioner,
supra at 965; Minahan v. Commissioner, supra at 498; DeVenney v.
Commissioner, 85 T.C. 927, 928-930 (1985).  The pre-1986 version
of section 7430 used the term "unreasonable".  The Tax Reform Act
of 1986 replaced "unreasonable" with "not substantially
justified".  Powers v. Commissioner, 100 T.C. 457, 471 (1993).
This Court and others have concluded that the substantial
justification standard is essentially the prior law's
reasonableness standard couched in new language.  Huffman v.
Commissioner, 978 F.2d 1139, 1147 n.8 (9th Cir. 1992), affg. in
part, revg. in part and remanding T.C. Memo. 1991-144; Powers v.
Commissioner, supra at 471; Rutana v. Commissioner, 88 T.C. 1329,
1333 (1987).

For purposes of the administrative proceedings in this case,
respondent's position is that which she stated in the notice of
deficiency.  Sec. 7430(c)(7)(B).  See Huffman v. Commissioner,
supra at 1143-1147.  For purposes of the court proceedings in
this case, respondent's position is that which she set forth in
the answer to the petition, as subsequently amended.  Sec.
7430(c)(7)(A); see Huffman v. Commissioner, supra at 1147-1148.

The administrative and litigation positions of respondent
are substantially justified if they have a reasonable basis in
both law and fact or are sufficient to satisfy a reasonable

person.  E.g., Anthony v. United States, 987 F.2d 670, 674 (10th Cir. 1993); Norgaard v. Commissioner, 939 F.2d 874, 881 (9th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1989-390; Powers v. Commissioner, supra at 472.  For a position to be substantially justified, "substantial evidence" must exist to support it.  Pierce v. Underwood, 487 U.S. 552, 564 (1988). "That phrase does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. at 564-565 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Respondent's position may be incorrect but substantially justified "if a reasonable person could think it correct".  Id. at 566 n.2.  Thus, whether respondent acted reasonably in the instant case ultimately turns upon the facts available to her which formed the legal basis for the position she took in the deficiency notice and during the litigation. DeVenney v. Commissioner, supra at 930.

The fact that the Commissioner eventually loses or concedes a case does not by itself establish that her position is unreasonable.  Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Swanson v. Commissioner, 106 T.C. 76, 94 (1996).  However, it "clearly remains" a factor to be considered. Heasley v. Commissioner, 967 F.2d 116, 120 (5th Cir. 1992), affg.

in part and revg. in part T.C. Memo. 1991-189; Estate of Perry, 931 F.2d at 1046; Powers v. Commissioner, supra at 471. Where the facts on which the Commissioner relies are not "unusually scanty or unworthy of belief," the failure of the facts to convince the Court of the ultimate persuasiveness of the respondent's position generally is not reason to hold that her position is unreasonable or without substantial justification. VanderPol v. Commissioner, 91 T.C. 367, 370 (1988).

Issue 1.  Whether Petitioner Qualifies as a Prevailing Party

A.  Recovery of Administrative Costs

Section 7430, for present purposes, limits recoverable administrative costs to those incurred on or after the date of the notice of deficiency and up to the time the petition was filed.  Sec. 7430(c)(2).  See Huffman v. Commissioner, supra at 1145.  Petitioner claims $2,312.55 as recoverable administrative costs, based on accounting fees of $2,724 incurred between December 7, 1991 and August 15, 1992, and legal fees of $1,375 incurred from June 24, 1992 to March 9, 1993.  However, the notice of deficiency was not issued until September 16, 1993. Petitioner thus seeks administrative costs for accounting and legal fees that it admittedly incurred prior to the date of the statutory notice of deficiency.  Consequently, we hold that petitioner cannot recover any of these costs.

B.  Recovery of Litigation Costs

Petitioner seeks recovery of litigation fees and costs in the total amount of $25,121.17. In her original answer, respondent averred that petitioner had not fully substantiated claimed expenditures, their deductibility, or their business purpose, thereby denying petitioner's allegations that it had paid or incurred all the expenses in dispute as ordinary and necessary business expenses. Moreover, respondent denied that petitioner was entitled to claim depreciation deductions as well as deductions for disputed net operating loss carryovers. Respondent also disputed petitioner's contention that no part of any underpayment was attributable to negligence or failure to comply with applicable rules or regulations. As revised in subsequent amendments to the answer, respondent's litigation position came to include an issue of unreported services income and a related addition to tax for negligence.

In some cases courts have adopted an issue-by-issue approach to section 7430, apportioning the requested awards between those issues for which respondent was, and those issues for which respondent was not, substantially justified. See Powers v. Commissioner, 51 F.3d 34, 35 (5th Cir. 1995); Swanson v. Commissioner, supra. We follow that approach here and separately discuss whether respondent's position on each issue was substantially justified.

(1) Disallowed Current Business Expenses

Respondent disallowed the claimed business expenses for 1989 and 1990 as a result of petitioner's failure to substantiate the expenditures and/or their business purpose.  At trial, we held that expenses respondent had found unsubstantiated were, in large part, not allowable, reflecting the reasonableness of respondent's position at least as to the inadequately documented expenses.

Respondent conceded some deductions and admitted that petitioner had substantiated some of the expenditures that had been in controversy, although she maintained that such expenditures lacked a business purpose.  The Court substantially sustained petitioner as to many of these expenses.  Although respondent has conceded that petitioner has not unreasonably protracted the proceedings, we note that petitioner repeatedly failed to respond adequately to respondent's requests for records and documents, and refused to permit respondent the opportunity to meet with Frances Byrne, petitioner's president, to explore further the nature of its business and the purpose of the corporation's expenditures.  Moreover, correspondence between the parties' counsel reveals that records introduced at trial were not continually available to respondent's counsel and some were produced as late as November 1994, one year after the petition

was originally filed.  In light of the lack of evidence available to respondent, her position was not unreasonable.

Furthermore, respondent's litigation position disputing expenses that the Court ultimately found allowable did not rest on evidence that was scant or unworthy of belief.  VanderPol v. Commissioner, supra at 370.  Respondent relied on testimony and trial exhibits showing that petitioner's only asset and overwhelming source of its income during 1989 and 1990 was a triple net lease, a purely passive activity.  Testimony from petitioner's own accountant tended to show that petitioner's business records did not reflect income from activities other than holding the leased premises.  Moreover, a reasonable person could discount evidence of founder and former principal shareholder Charles Byrne's consulting activities on behalf of NII that endeavored to show petitioner did not engage solely in a passive activity.  Therefore, respondent reasonably argued that such a passive activity would generate virtually none of the disallowed deductions, other than interest and depreciation expenses, discussed infra pp. 10-14.

The Court holds that respondent was substantially justified in maintaining her position on the issue of current business expenses, so that the parties could present their conflicting evidence to the Court and so we could judge the weight to be

given to testimony concerning the business purpose of the claimed expenses. See DeVenney v. Commissioner, 85 T.C. at 930; Boyle v. Commissioner, T.C. Memo. 1995-74; Creske v. Commissioner, T.C. Memo. 1990-318, affd. 946 F.2d 43 (7th Cir. 1991); Porter v. Commissioner, T.C. Memo. 1986-465.

(2)  Disallowed Current Interest Expenses

Petitioner argues that respondent unreasonably refused to stipulate before trial the deductibility of interest on a $475,000 San Franciso Federal Savings mortgage (the San Francisco loan) on certain leased property (the Burke property).  However, petitioner's representatives did not complete and sign the stipulation until December 3, 1994--3 days before trial.  Moreover, petitioner was dilatory in providing evidence to show NII's complete debt obligations, providing some information on the loans as late as November 1, 1994.  Cf. DeVenney v. Commissioner, 85 T.C. at 933, a case in which respondent was held not to have unreasonably refused to concede an issue where petitioners withheld crucial evidence in the form of witnesses and their testimony.  Respondent might have conceded the issue many months prior to trial if petitioner had provided its records when originally requested.  See Currie v. Commissioner, T.C. Memo. 1989-23.  In light of such behavior, the Court holds that respondent was substantially justified in waiting until her opening argument to concede the deductibility of the San

Francisco Federal mortgage interest expense for 1989 and 1990. See <u>Ashburn v. United States</u>, 740 F.2d 843, 850 (11th Cir. 1984); <u>Brice v. Commissioner</u>, T.C. Memo. 1990-355, affd. without published opinion 940 F.2d 667 (9th Cir. 1991); <u>R.C. Lindsey Plumbing, Inc. v. Commissioner</u>, T.C. Memo. 1988-73; <u>Rouffy v. Commissioner</u>, T.C. Memo. 1987-5.

At trial, respondent continued to dispute whether interest on another obligation secured by the Burke property, namely, the McMahon note, was currently deductible, arguing that the "all events" test had not been satisfied. See <u>United States v. General Dynamics Corp.</u>, 481 U.S. 239 (1987); <u>Guardian Inv. Corp. v. Phinney</u>, 253 F.2d 326, 331 (5th Cir. 1958). The McMahon note provided for 7-percent interest compounded annually starting on January 1, 1988, with any unpaid principal and interest due and payable on December 31, 1997. The terms of the McMahon note required no payment until December 31, 1997, the day before the termination of the Burke lease. If the Burke property were sold, however, the note would become immediately due and payable. Respondent argued that the interest expense on the McMahon note was not allowable since the payment of the principal was contingent and dependent on the disposition of the Burke property and the note was subordinated to another obligation. <u>Id.</u> at 331.

Although we found respondent's logic on this issue "less than compelling" at trial, that does not mean that her position

lacked any reasonable basis; i.e., was not substantially justified. See VanderPol v. Commissioner, 91 T.C. at 370. There was no indication that respondent's evidence was unusually scanty or unworthy of belief, nor any reason to suspect that respondent had taken her position for any other purpose other than to prevail in the litigation. We have stated in the past:

> Petitioners point only to the ultimate failure of respondent's * * * [argument] * * * to show that * * * [her] position was unreasonable. * * * If a party can be chastised for such a failure, then every losing party must be so chastised. Such an interpretation does not manifest Congress' intention in enacting * * * [section 7430]. [Id.; citations omitted.]

(3) Disallowed Current Depreciation Deductions

Respondent disallowed depreciation deductions of roughly $13,000 in both 1989 and 1990, claiming that petitioner failed to establish the depreciable basis and a method of depreciation for the Burke property. The Court substantially sustained petitioner at trial, although we ordered depreciation deductions to be recalculated in a slightly lower amount. We found that Senter Associates (Senter), a partnership, incorporated and formed petitioner, contributing all Senter's assets in a section 351 transaction in which no gain was recognized, and that the basis of the Burke property was carried over to petitioner from Senter.

Despite our determination in favor of petitioner, we note that NII provided incomplete documents to establish the

depreciable basis in the Burke property and the underlying transactions, and that the facts surrounding NII's acquisition of the property in connection with the formation of NII were extremely murky.  Respondent reasonably argued that the old books and records relied upon by petitioner were insufficient to prove the basis of the Burke property, since they were often unreliable and incomplete.  Cf. Southern Pac. Transp. Co. v. Commissioner, 75 T.C. 497, 830-832 (1980) (holding that the taxpayer's accounting records, standing alone, could not establish the cost basis of its assets).

The record was almost devoid of evidence of Senter Associate's basis in the Burke property.  Moreover, the incorporation arrangement was unusual in that the only evidence that Charles Byrne held an interest in Senter was his testimony that he had loaned one of the partners money to invest in Senter, with the understanding that half of that interest would later be transferred to him.  A reasonable person could conclude such testimony lacked credibility and that the exact nature of the alleged sale of the Burke property to Senter and Senter's basis in the property required the Court's determination.

In Smith v. United States, 850 F.2d 242, 246 (5th Cir. 1988), the Court observed: "The more difficult it is to appraise a building * * * the more leeway we must give the IRS before

concluding that its position is 'unreasonable' or 'not substantially justified.'"  Analogously, the more difficult a building's basis is to establish, the more leeway the Court should accord the IRS before concluding its position is unreasonable.  As a result, we hold respondent substantially justified in her position on this issue.

(4)  Net Operating Loss Carryforwards

Respondent denied net operating losses claimed by petitioner in excess of $250,000 in 1989 and used as part of the carryover loss for 1990 based on NII's failure to establish that any losses were in fact incurred in the years 1976, 1978-1985, and 1988. Petitioner's net operating loss carryovers were premised on: (a) Business expenses; (b) interest expenses; (c) depreciation deductions; and (d) losses of petitioner's subsidiaries incurred in those years.

In October of 1989 petitioner destroyed most of the underlying documentation for its expenses from 1971 to 1984 or 1985, keeping only its unaudited books of original entry, other books based on them and some checks for its two wholly owned subsidiaries, National For Sale by Owner Realty Corp. (Sale by Owner) and Far Western Real Estate Corp. (Far Western).  The Court found NII not entitled to most of the operating losses from the prior years that were carried over to 1989, except for

depreciation and interest expenses and the expenses of Sale by Owner and Far Western.

(a) Respondent contended that petitioner did not establish that prior year losses were based on deductible business expenses under section 162, rather than on nondeductible personal expenses under section 262. Moreover, petitioner's own accountant could not vouch for the accuracy of NII's extant books and records, and virtually no other testimony concerned their accuracy. The fact that respondent prevailed on this issue at trial confirms that her position was substantially justified.

(b) Interest expense deductions for several loans secured by the Burke property, including the San Francisco Loan, also formed part of the claimed net operating losses from years prior to 1989 and 1990. The property collateralized a $75,000 loan from a group of investors (Investor Group loan) from June 10, 1982, until October 29, 1985. On September 27, 1985, Owens Financial Group, Inc., lent petitioner $85,000 (Owens loan).

Respondent conceded in her opening statement that petitioner was entitled to deduct the interest on the San Francisco Loan in 1989 and 1990 (see supra pp. 10-11), but did not concede the deductibility of the 1988 interest on that loan, which substantially contributed to petitioner's net operating loss for that year. Documents verifying the purpose of interest

expenses and the use of the loan proceeds were not provided to the examining agent, and petitioner repeatedly failed to respond adequately to requests for records and documents. Moreover, we invited petitioner to move to reopen the record for the sole purpose of offering additional evidence regarding the San Francisco Loan interest deduction for the period of March 4, 1988 to December 31, 1988. The lack of evidence in the record suggests that respondent reasonably contested the deduction for this period.

For the Investor Group and Owens loans, we observed that the interest rates were unknown but found that a reasonable rate of interest on these notes would be 5-1/2 percent simple interest per annum. We directed that interest deductions from these notes were to be recalculated on this basis under Rule 155. Since the interest rate was unknown and had to be determined by the Court, and the ending balance for the Investor Group loan was not in evidence, respondent reasonably contested these deductions as well.

(c) Our discussion, supra pp. 13-14, as to the substantial justification of respondent's position regarding depreciation deductions for 1989 and 1990 is equally applicable to depreciation deductions that form part of petitioner's net operating losses for prior years.

(d)  The losses of petitioner's subsidiaries for the years prior to 1989 and 1990 comprise the fourth category of net operating loss carryforwards.  We found claimed losses from two of these subsidiaries, Controlled Casting Systems Corp. and National Industrial Management Corp., unreliable and therefore disregarded them.

As for the subsidiary losses the Court did allow (see supra p. 16), respondent's position was nevertheless justified based on the lack of adequate substantiation alone.  See Porter v. Commissioner, T.C. Memo. 1986-465.  No records, receipts, or invoices of the subsidiaries' business transactions were provided.  Virtually the only documentary evidence of the pertinent loss year expenses of NII's subsidiaries for prior years is their unaudited books of original entry and general ledgers, and some canceled checks.  Since the records provided by petitioner were not dispositive, respondent reasonably submitted the issue to the Court for resolution.  See Santa Maria v. Commissioner, T.C. Memo. 1995-64; Grace Foreign Exch. Corp. v. Commissioner, T.C. Memo. 1995-63.

(4)  Negligence Penalty Based on Resulting Underpayments

We held petitioner liable for accuracy-related penalties for negligence under section 6662(a) to the extent that the deductions the Court denied resulted in an underpayment for 1989

and 1990. Petitioner's failure in numerous respects to comply with the requirements for maintaining adequate records itself warrants the negligence penalty. Yee v. Commissioner, T.C. Memo. 1985-379, affd. without published opinion 822 F.2d 62 (9th Cir. 1987). Among other things, petitioner destroyed books and records needed to prove its net operating losses, failed to maintain records necessary to substantiate its deductions, and intermingled the nondeductible mileage of one car with the deductible mileage of another. Thus, we hold respondent substantially justified in her position regarding the negligence penalties.

(5)  Lot 51 Services Income

The deficiency in income tax asserted by respondent in an amendment to her answer revolved around services performed by Far Western for a third party, International Marketing Limited (IML), sometime in the mid-1980s. As payment, IML gave petitioner a parcel of land known as Lot 51. Despite being accrual method taxpayers, petitioner and its subsidiary failed to include in income the amount due for services performed for IML. Petitioner subsequently conceded $112,000 of services income for 1990. As a result, the Court holds respondent substantially justified in her position on this issue.

(6)  Lot 51 Services Income Negligence Penalty

Although we ruled that respondent failed to carry her burden of proof to establish negligence for this penalty asserted in an amendment to her answer, a factual and legal predicate existed for respondent's position. Neither Charles Byrne nor the person who represented the seller could explain the circumstances of the Lot 51 transaction. See Grace Foreign Exch. Corp. v. Commissioner, supra.

Many facts indicated to respondent that the underpayment due to the Lot 51 transaction resulted from petitioner's failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, as required to establish negligence. Respondent demonstrated that petitioner's representatives knew of certain documents in evidence in this case, and were familiar with the Lot 51 transaction at the time the return was filed. NII's representatives knew that Lot 51 was of far greater value than the $38,000 note given in exchange for it in 1990. Furthermore, Charles Byrne was sophisticated in business matters. Testimony revealed a lack of cooperation with respondent as well as attempts to conceal the transaction and mislead petitioner's own accountant. Finally, documentary evidence established the substantial value of Lot 51. Thus, we hold that respondent was substantially justified in her position.

Issue 2.  Whether the Administrative and Litigation Costs Sought by Petitioner Are Reasonable

Since we hold that petitioner cannot recover administrative costs incurred prior to the issuance of the notice of deficiency, and that petitioner is not entitled to litigation costs since respondent was substantially justified in her position with respect to all of the litigated issues, we need not address the issue of whether the costs claimed by petitioner are reasonable.

For all of the above reasons, we hold that petitioner is not entitled to administrative and litigation costs pursuant to section 7430.

To reflect the foregoing,

An appropriate order will be issued denying the motion for litigation and administrative costs.