T.C. Memo. 1999-118


UNITED STATES TAX COURT


PHILLIP LEE ALLEN AND CAROLYN F. ALLEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 243-97.                           Filed April 6, 1999.


<u>Jeri Gartside</u> and <u>Joseph Mudd</u>, for petitioners.

<u>Andrew Lee</u>, for respondent.


MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Petitioners, by motion under section 7430
and Rule 231,[1] seek the award of litigation costs incurred in
this controversy where they have shown that respondent's

---

[1]  Unless otherwise stated, all section references are to
the Internal Revenue Code in effect for the taxable years in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

determination was in error.  In <u>Allen v. Commissioner</u>, T.C. Memo. 1998-406, filed November 13, 1998, we found that a settlement paid to petitioners by their homeowners' insurance company was for compensatory, and not punitive, damages.  Accordingly, the settlement payment was not taxable, and no deficiency resulted. Our findings of fact in <u>Allen v. Commissioner</u>, <u>supra</u>, are incorporated by this reference.

A tax litigant may recover the reasonable litigation fees and costs incurred in connection with the litigation only if the four elements of section 7430 are present.  See sec. 7430.  Those elements are:  (1) The fees or costs requested were incurred in an administrative or court proceeding in connection with the determination, collection, or refund of a tax; (2) administrative remedies have been exhausted; (3) the proceedings have not been unreasonably protracted by the taxpayer; and (4) the taxpayer was the prevailing party in the action.  See <u>id.</u>  The taxpayer will not be treated as the prevailing party if respondent establishes that respondent's position was substantially justified.[2]  To be

---

[2]  Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1463, 1464, modified sec. 7430(c)(4) by striking the requirement that the party seeking an award must prove that the United States' position was "not substantially justified" in order to recover. The 1996 amendment, for purposes of this case, provides that "A party shall not be treated as the prevailing party in a proceeding to which subsection (a) applies if the United States establishes that the position of the United States in the proceeding was substantially justified."  Thus, the 1996 amendment effectively shifted the burden of proof on the issue of

(continued...)

treated as the prevailing party, the taxpayer must show that the taxpayer substantially prevailed with respect to the amount in controversy or the main issues and has met the net worth limits. See sec. 7430(c)(4)(B)(i). If respondent's position was substantially justified, the taxpayer cannot be considered a prevailing party and therefore cannot meet the requirements of section 7430.

The Supreme Court has interpreted "substantially justified" to mean "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The United States' position need not be correct to be "substantially justified"; it need only have "a reasonable basis in law and fact." Id. at 566 n.2. The determination of reasonableness is made on the basis of all the facts and circumstances, and the fact that the Government eventually loses the case is not determinative. See Baker v. Commissioner, 83 T.C. 822, 828 (1984), vacated and remanded on another issue 787 F.2d 637 (D.C. Cir. 1986).

In their motion for fees, petitioners contend that they have met all elements for an award under section 7430. Conversely,

---

[2](...continued)
the Government's "substantial justification" from the party seeking the award to the Government.

The amendment applies to proceedings commenced after July 30, 1996. The petition was filed after July 30, 1996, making the amended sec. 7430 applicable.

respondent argues that, although petitioners substantially prevailed with respect to the issues and amounts in controversy, petitioners are not the prevailing party because respondent was substantially justified in maintaining his position. Respondent also argues that all administrative remedies were not exhausted, that petitioners unreasonably protracted the proceedings, and that the fees requested are unreasonable. If we determine that respondent was substantially justified, we need not address the other aspects raised by respondent.

Respondent contends that the evidence that was available prior to trial substantially justified the position that petitioners' settlement included payment for punitive damages. Petitioners counter that the evidence they provided to respondent regarding the expenses of rehabilitating their home rendered respondent's position on the taxability of the settlement unreasonable and without justification.

In seeking to recover from their insurance company, petitioners made a series of demands for reimbursement as the repairs progressed and the amount of damage grew due to subsequent discoveries of damage. After a few payments to petitioners, the insurance company disputed petitioners' estimates and refused to honor petitioners' demands. Petitioners brought suit over this refusal and alleged delay by the insurance company. In their complaint, petitioners set forth several

grounds for relief and/or damages, including bad faith and punitive damages.

In the settlement of the suit, petitioners released any rights they may have had for all claims stated and for possible future claims arising from their relationship with the insurance company on this matter. The terms of the settlement did not specify any particular grounds for which the payment was made.

In pursuing the question of whether the settlement was taxable, petitioners seemed to focus on the fact that the cost of repair approximated the total recovery from all sources. When respondent questioned whether the amount received was for punitive damages, petitioners presented the Appeals officer with repair receipts in an effort to demonstrate that they had spent the funds received for repairs to the home. Petitioners have continued this approach in disputing the deficiency and emphasize this aspect in their present motion. Conversely, respondent has focused on the fact that petitioners' claims and settlement with their insurance company may have been for punitive damages.[3] The parties' arguments have gone off on different tangents.

---

[3] Respondent did argue about the expenditures as a secondary matter. Respondent questioned whether some of the expenditures by petitioners were improvements, rather than replacement and repairs. In the Court's analysis, we found that there were some improvements, as respondent contended, but we found them to be de minimis. For example, petitioners added air conditioning to their replacement heating unit. This aspect adds some justification for respondent's position.

Petitioners attribute their success to their evidence that the settlement funds were spent on repairs. This evidence, however, does not address the threshold element of the two section 1033 prerequisites to nonrecognition treatment. To qualify under section 1033, the payment must have been received as compensation for an involuntary conversion of the taxpayer's property. See sec. 1033(a). Having established that, then it must be shown that the money was expended within a specified period of time for the replacement of the converted property with similar property. See sec. 1033(a)(2)(A) and (B). Only after the threshold question, whether the amount received was compensatory, has been answered is it necessary to consider the issue of how the funds were spent. Although an explanation of both prongs of section 1033 was given in our opinion, petitioners have persisted in their single-minded focus on the repair and replacement aspect.

If the character is not clear on the face of a settlement, the characterization of settlement proceeds becomes a factual inquiry, dependent on the payor's intent when the proceeds were paid. See Hentzel v. Commissioner, T.C. Memo. 1991-277. "[W]hen respondent receives conflicting evidence of the payor's intent, * * * respondent does not act unreasonably by insisting upon an explanation to clear up the conflict." Id. Where unexplained facts support respondent's position and the Court must consider

the credibility of witnesses and probative value of evidence, respondent's position may be "substantially justified". See Creske v. Commissioner, T.C. Memo. 1990-318, affd. 946 F.2d 43 (7th Cir. 1991). In the case before us, the taxability of petitioners' settlement was dependent on the weight of the evidence presented and our subsequent interpretation of the settlement agreement.

Throughout the pretrial process and up to the March 24, 1998, trial, respondent possessed conflicting information about the purpose of the settlement. Even though Allstate Insurance Co.'s (Allstate) counsel, Charles Siegal, advised respondent's counsel on March 10, 1998, that Allstate did not pay punitive damages, respondent possessed evidence supporting the position that the payment was made in settlement of multiple claims, including bad faith and/or punitive damages. That evidence included the complaint against Allstate, the settlement documents, and two letters from petitioners' prior representative. All referenced recovery for personal injury and/or punitive damages.

Respondent also points out that the Allstate underwriter involved in petitioners' claim had advised that the settlement was made for punitive or bad faith damages. It was only 4 days before trial when the underwriter called respondent's counsel to advise that she could not testify to her prior statement because

she had not attended the settlement conference and may not have remembered the situation correctly.

Petitioners' amended return and attachment, the complaint against the insurance company, and settlement agreement and accompanying memorandum were sufficient to create substantial doubt regarding whether petitioners' settlement included punitive damages. Even though respondent had the opportunity to consider the credibility of the witnesses, a witness' testimony is not necessarily conclusive as to the outcome of a factual issue. See Williams v. United States, 26 Cl. Ct. 1031, 1032 (1992). That is especially so where, as here, there is contradictory evidence. Respondent could have reasonably decided to go to trial in the hope that the Court would have found the documentary evidence supporting respondent's view more persuasive than the contrary oral testimony supporting petitioners' view.

Additionally, there is no indication that the evidence relied on by respondent was "unusually scanty or unworthy of belief" or that "respondent had taken his position for any purpose other than to prevail in the litigation." VanderPol v. Commissioner, 91 T.C. 367, 370 (1988). Nor did respondent "offer a novel or unsupported interpretation of the law or unreasonably rely upon a statutory interpretation that already had been rejected by this or another court." Williams v. United States, supra at 1031-1032. Respondent's position was substantially

justified in light of the facts and circumstances presented in this case.

An appropriate order and decision will be entered.